## Barber *v.* Barber

No. 40866          October 13, 1958          105 So. 2d 630

*W. A. Temple, T. K. Holyfield,* Meridian, for appellant.

*M. V. B. Miller, Gerald Adams,* Meridian, for appellee.

Hall, J.

The appellee brought suit against appellant for separate maintenance and support on the grounds of desertion and habitual cruel and inhuman treatment. She did not pray for a divorce. The appellant answered and denied the allegations of the bill and filed a cross bill seeking a divorce on the ground of cruel and inhuman treatment. After hearing the evidence over a period of about three or four days the chancellor entered a decree sustaining the allegations of the original bill and denying the relief sought by the cross bill. From his decree this appeal is prosecuted.

In the decree the chancellor allowed the wife $150 per month for a period of 12 months and $125 a month thereafter for a period of 6 months and thereafter the sum of $100 per month. The husband claims on this appeal that the amount of separate maintenance allowed is excessive and unjust even if any allowance were justified. He

contends secondly that the chancery court erred in allowing appellee any of the relief prayed for and in allowing any separate maintenance. His third contention is that the lower court erred in dismissing his cross bill and that his prayer for divorce should have been granted.

■■ All the findings of the chancellor were amply supported by the evidence, which we deem unnecessary to here detail. We think the issues in this case were questions of fact and that they have been correctly decided and consequently there is no ground for reversal here.

■■ The record shows that Mrs. Barber has about $17,500 in a bank on savings account as well as some other personal property, and appellant contends that in view of this fact no attorney's fees should be allowed and argues that the chancellor recognized this fact in his opinion in the case and stated that he does not agree with the principle enunciated by this Court to the effect that if the woman has ample means with which to pay her counsel the defendant cannot be made to pay it, and the court then went on to add that this fact has been taken into consideration somewhat in the setting of the amounts of alimony in the periods covered thereby. Appellant argues that indirectly the court allowed an attorney's fee when none should have been allowed.

We think that counsel for appellant and the lower court have overlooked the fact that the appellee filed this suit and was then faced with a cross bill which she had to defend and that the cross bill was of appellant's own making and not hers and although the general rule stated by the chancellor is correct this Court held in the case of Gardiner v. Gardiner, 93 So. 2d 638, 641, not yet reported in the State Reports, that the wife was entitled to an allowance of attorney's fees for defending the cross bill. In that case the wife had inherited a substantial amount of property from her mother and also approximately $10,000 from a deceased sister and she was ap-

parently amply able to have hired an attorney out of her own funds and property. She appealed to this Court and the husband cross appealed and we allowed her an attorney's fee on the cross appeal.

■■ The allowance of attorney's fees is of course largely discretionary with the trial court when the same should be allowed and this Court will not undertake to substitute its judgment for that of the chancellor unless it clearly appears that the chancellor has abused his discretion or has failed to apply correctly the equitable principles which govern in such cases.

■■ The appellee cross appeals here and among other things contends that the lower court should have awarded a lien upon the appellant's property to secure the payment of the separate maintenance. We think, as was held in the Gardiner case, supra, that the chancellor had a right to impress a lien to secure the payment of all sums ordered to be paid, but we do not think that the chancellor was required to impress such a lien but only that in his discretion he had a right to impress the lien.

For the reasons stated the judgment of the lower court will be affirmed on both the direct and cross appeals.

Affirmed.

*Roberds, P. J.,* and *Holmes, Ethridge* and *Gillespie, JJ.,* concur.