■ JOAN G. BOCKSTAHLER, Respondent, v EDWARD W. BOCKSTAHLER, Appellant.—Judgment unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: Defendant appeals from so much of a divorce judgment as awarded his wife alimony of $80 per week and directed him to pay counsel fees totaling $3,000 (in addition to $2,500 paid under a prior temporary order) on behalf of his wife. The parties were married in December, 1972, each for the second time. Almost immediately they found it necessary to participate in counseling to resolve the differences which they were experiencing in their marriage. In the eight-month period during which they lived together, they separated on five different occasions for periods as brief as one night and as long as one month. Before her marriage, plaintiff was a college instructor. She owned her own home as well as other real estate, had substantial stock holdings and bank balances, and social security benefits for the support of her two children by her prior marriage. During the period that she was married to defendant, she did not work and all her living expenses and those of her children were paid by defendant, including taxes and mortgage payments on the real property which she owned in her own name. The proof established that at the time of this divorce action plaintiff had assets substantially equal in amount to those before her marriage to defendant. She has now returned to her teaching job. There is nothing in the record to indicate that her earning capacity diminished during the period of the marriage, nor is there any evidence that she enhanced defendant's income, or advanced his career during the marriage of the parties. Plaintiff is able to maintain out of her own resources the standard of living that she enjoyed before and during her brief marriage to defendant. Under the circumstances, it was an abuse of discretion to award alimony (Domestic Relations Law, § 236; *Kover v*

*Kover,* 29 NY2d 408; *Phillips v Phillips,* 1 AD2d 393, affd 2 NY2d 742). The court also abused its discretion in ordering defendant to pay $3,000 to compensate the plaintiff's attorneys for services. In view of the substantial assets of plaintiff any fee in addition to that already paid by the husband pursuant to the prior temporary order shall be paid by the plaintiff from her personal funds, and the amount of such additional fee shall be a matter for private adjustment between her and her attorney (Domestic Relations Law, § 237). The judgment of the court is modified by deleting the second and third ordering paragraphs directing defendant to pay alimony and counsel fees, and as modified affirmed. (Appeal from judgment of Erie Supreme Court in divorce action.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.