■ DIANE M. SHARER, Respondent, v CRAIG L. SHARER, Appellant.— Judgment unanimously modified, on the law and facts, in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: Defendant appeals from so much of a judgment of divorce in favor of plaintiff, his former wife, as awards plaintiff sole and exclusive possession of the marital premises (a house valued at $42,000 to $45,000 on which there

was a mortgage of approximately $27,000) and $175 per week alimony (out of which plaintiff is to pay household expenses and mortgage payments totaling $124.17 per week). He also asks that he be awarded possession of certain items of personal property not disposed of by said judgment. The parties were married in June, 1974 when plaintiff was 25. It was a second marriage for both. In December, 1975 after living together for approximately two and a half years, they separated. They were divorced on April 17, 1977. There are no children from this or the previous marriages. Prior to the marriage, plaintiff, a college graduate, earned $10,500 by teaching at Pennsylvania State University. After the parties were married, she quit her job to move to Buffalo with defendant. After the move, she worked only occasionally, and defendant paid all of her living expenses. Although unemployed at the time of the divorce, plaintiff conceded that since the separation she had turned down a job offer at minimum wage. The expense of maintaining the house for plaintiff's use was not justified inasmuch as there are no children, and plaintiff has demonstrated no need to reside there. The award of exclusive possession was, therefore, an improvident exercise of discretion. The marital home should be sold and the net proceeds divided between the parties (see *Ripp v Ripp,* 38 AD2d 65, affd 32 NY2d 755; *Caplan v Caplan,* 38 AD2d 572). There was no evidence that plaintiff's earning capacity had diminished during her brief marriage to defendant. Indeed, she conceded that positions similar to the one she formerly held occasionally were available at Pennsylvania State University. Considering all of the circumstances, including plaintiff's ability to be self-supporting, her young age, the short duration of the marriage, and the fact that this was her second marriage, as well as the fact that she has received one half of the joint bank accounts (amounting to approximately $2,500) and will receive her share of the equity when the house is sold, the alimony award should be reduced to $50 per week (see *Kover v Kover,* 29 NY2d 408; *Bockstahler v Bockstahler,* 51 AD2d 675). With respect to the disputed personal property, plaintiff should be awarded the refrigerator which was concededly hers before the marriage. Defendant should be awarded the color television, bedroom set, rocking chair, and stereo, which plaintiff conceded belonged to him before the marriage, as well as the other refrigerator. We find that the washer and dryer were bought for the marriage and were used and owned as joint property of the parties, and award them to the plaintiff (Domestic Relations Law, § 234; *Silbert v Silbert,* 22 AD2d 893, affd 16 NY2d 564). The judgment of the court should be modified by (1) substituting for the second and fourth decretal paragraphs the provision that plaintiff shall receive $50 per week alimony; (2) substituting for the third and fifth decretal paragraphs the direction that the marital premises be sold and the net proceeds divided equally between the parties, and (3) adding a provision granting possession of the color television, bedroom set, rocking chair, stereo and one refrigerator to defendant, and granting possession of the washer and dryer, and the refrigerator owned by her before the marriage to plaintiff. (Appeal from judgment of Erie Supreme Court—divorce.) Present—Moule, J. P., Cardamone, Simons and Hancock, Jr., JJ.