■ JUDITH LA PORTE, Respondent, v GEORGE LA PORTE, Appellant. (Appeal No. 1.)—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Defendant appeals from a judgment of divorce, dated March 9, 1977, dismissing his counterclaim for divorce and granting divorce in favor of plaintiff, his former wife, and granting plaintiff $30 per week in alimony, $1,000 in counsel fees, and exclusive possession of the marital residence. We find support in the record for the grant of a divorce based on defendant's cruel and inhuman treatment, and dismissal of his counterclaim, as well as for the award of alimony in the sum of $30 per week and counsel fees of $1,000. On the argument of the appeal, both parties stipulated in open court that the marital residence be sold and the proceeds divided equally between the parties. (See *Sharer v Sharer,* 60 AD2d 780.) Accordingly, the judgment should be modified by substituting for the sixth decretal paragraph the provision that the marital residence be sold and the proceeds divided equally between the parties. (Appeal from judgment of Oneida Supreme Court—divorce.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.

■ JUDITH LA PORTE, Respondent, v GEORGE LA PORTE, Appellant. (Appeal No. 2.)—Order unanimously reversed, without costs, and application denied. Memorandum: Defendant appeals from an order, dated September 30, 1977, granting plaintiff, his former wife, $890 for attorney's fees and disbursements pending defendant's appeal *(La Porte v La Porte,* 60 AD2d 966) from a divorce decree. Inasmuch as the primary basis for defendant's appeal concerning the propriety of the direction that plaintiff have sole occupancy of the marital home was meritorious (see *Sharer v Sharer,* 60 AD2d 780), a fact now apparently conceded by plaintiff after defendant has incurred legal expenses in connection with the preparation of the appeal and presentation of oral argument, it would be inequitable to compel defendant to pay in addition to his own expenses the legal fees of plaintiff, particularly in light of plaintiff's apparent ability to pay her own legal fees. (See Domestic Relations Law, § 237; *Kann v Kann,* 38 AD2d 545; *Martin v Martin,* 28 AD2d 897.) (Appeal from order of Oneida Supreme Court—

attorney fees and expenses.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.