confirming the award. However, there is no indication that respondents have acted in bad faith or out of a desire to frustrate the rights of the grieved employee. It appears that the payment of the award by respondents, while taking a credit for the $450 earned by grievant on the curriculum development project during the period covered by the award, resulted from a misinterpretation of the award by respondents and did not demonstrate a contumacious attitude on their part or any purpose to obstruct the administration of justice. It would therefore not serve the interests of justice to grant petitioner's motion that respondents be adjudged in contempt for their failure to make such payment (see *National Labor Relations Bd. v Brashear Frgt. Lines,* 127 F2d 198; *Matter of Pearl Riv. Teachers Assn. v Westbrook,* 57 AD2d 570). (Appeal from order of Erie Supreme Court—contempt.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ DOROTHY A. BIVEN, Respondent-Appellant, v H. EUGENE BIVEN, Appellant-Respondent. (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Memorandum: We find substantial support in the record for Trial Term's award to plaintiff wife in this divorce action of $100 per week alimony, exclusive possession of the marital residence, judgment for the arrearages of temporary alimony in the amount of $2,000, and counsel fees of $1,500 plus $48 disbursements. It is plaintiff's responsibility to pay for all of the carrying costs including the mortgage in connection with the marital home. In affirming the award of exclusive possession, we note that at present there are still two children living at home. Thus, the case is distinguishable from *Sharer v Sharer* (60 AD2d 780) and *Kahn v Kahn* (55 AD2d 638). Defendant's alleged noncompliance with the prior orders directing that he pay temporary alimony, holding him in contempt for nonpayment, and providing that he pay the arrears of $2,350.98 at the rate of $25 per week was at issue in the trial. The prior orders are superseded by the decree after trial which grants judgment in the amount of $2,000 for such arrearages and which we affirm. The appeals from such prior orders, therefore, should be dismissed as moot. (Cf. *Math v Math,* 39 AD2d 583, affd 31 NY2d 693.) (Appeal from judgment of Onondaga Supreme Court—divorce.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ DOROTHY A. BIVEN, Respondent, v H. EUGENE BIVEN, Appellant. (Appeal No. 2.)—Appeal unanimously dismissed as moot. Same memorandum as in *Biven v Biven* (62 AD2d 1145). (Appeal from order of Onondaga Supreme Court—temporary alimony.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ DOROTHY A. BIVEN, Respondent, v H. EUGENE BIVEN, Appellant. (Appeal No. 3.)—Appeal unanimously dismissed as moot. Same memorandum as in *Biven v Biven* (62 AD2d 1145). (Appeal from order of Onondaga Supreme Court—contempt.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ FRANK LA PENTA, JR., et al., Appellants, v GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., et al., Respondents.—Order unanimously reversed, without costs, and motion denied with leave to renew upon a proper showing. Memorandum: Plaintiffs appeal from an order of Special Term which granted defendant General Accident Fire and Life Assurance Corporation's motion to dismiss the first cause of action set forth in the complaint. It is alleged in the first cause of action that plaintiffs owned a 20-unit apartment building located at 1301 E. Genesee Street, Syracuse, New York. On January 17, 1974 plaintiffs were issued an insurance binder by defendant General Accident Fire and Life Assurance Corp. (hereinafter referred to