**HUSBAND C.W.H., Petitioner Below, Appellant,**

v.

**WIFE M.H., Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 17, 1979.

Decided Oct. 1, 1979.

A. Gary Wilson, Wilmington, for petitioner below, appellant.

Robert G. Carey of Prickett, Sanders, Jones, Elliott & Kristol, Wilmington, for respondent below, appellee.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

---

PER CURIAM:

It appears to the Court from the briefs and arguments of the parties and the record of this appeal that:

(1) Husband-petitioner appeals a Family Court marital property division following divorce of the parties claiming (a) that alimony was awarded in violation of 13 *Del.C.* § 1512; and (b) abuse of discretion in the award of attorney's fees to wife under 13 *Del.C.* § 1515.

(2) As to the first issue, husband contends that the alimony award of $50 per week was not supported by findings of fact required to be made under 13 *Del.C.* § 1512(a)(2), as set forth below.

(3) As to the second issue on appeal, husband contends that since wife received substantially all of the marital property, the award to her of $3,485 in attorney's fees was an abuse of discretion, in violation of 13 *Del.C.* § 1515. Husband contends that the Court did not take into consideration "the financial resources of both parties" and instead based the award on husband's alleged misconduct that was not substantiated.

(4) 13 *Del.C.* § 1512(a) authorizes the Family Court to grant alimony to a respondent of a marriage "irretrievably broken because of incompatibility" upon proof by a preponderance of the evidence that respondent:

"(1) Is dependent upon petitioner for support but petitioner is not contractually or otherwise obligated to support respondent after the entry of a divorce decree;

(2) Lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and

(3) Is unable to support himself or herself through appropriate employment . . ."

Section 1512(b) then provides that the amount of alimony awarded shall be based on a consideration of "all relevant factors including:

(1) Financial resources of respondent including marital property apportioned to him or her, and his or her ability to meet his or her needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) Time necessary to acquire sufficient education or training to enable respondent to find appropriate employment;

(3) Standard of living established during the marriage;

(4) Duration of the marriage;

(5) Age, and the physical and emotional condition of respondent;

(6) Ability of petitioner to meet his or her needs while meeting those of respondent; and

(7) Tax consequences."

 (5) There is substantial competent evidence to support the Court's award of $50 per week alimony to wife, including statutory proof of (1) wife's dependency upon husband; (2) wife's lack of property sufficient to support herself; and (3) wife's inability to support herself through employment. Explicit or implicit findings were made as to all three criteria; and husband has not shown them to be clearly erroneous, as he must do for reversal where the questions on appeal are factual.

(6) Contrary to husband's assertions, the record shows: (1) that wife neither owned nor received any income-producing property; (2) that the home awarded wife was subject to a mortgage in default and to husband's award of a second lien thereon, was in dilapidated condition and lacked utilities and common conveniences; and (3) that the balance of the property awarded wife were chattels representing the remains of an antique/collectible store inventory that wife was forced to close when husband refused to renew the store's lease.

 (7) In finding that respondent's income potential "would be minimal" even if she could operate an antique/collectible shop or obtain employment, the Court inferentially, if not expressly, concluded that wife met the requirements of need as set forth in § 1512(a)(2); and there is substantial evidence of record to support such finding.

■ (8) The award of substantial attorney's fees to wife was justified by husband's "contumacious" conduct while before this Court on his prior appeal as found by the Family Court, and was based on consideration of the relative assets and income of the respective parties and was fully justified by the facts as recited in the Court's decision.

(9) This Court does not condone a party's refusal to submit to relevant medical examinations and procedures. In this instance, the Court found that wife "misunderstood" the nature or degree of pain involved in undergoing the requested electromylogram.

(10) The questions on appeal are factual and no error of law appears.

AFFIRMED.