In re Richard William LANG, Debtor.

John Lloyd EGAN and Elizabeth A. Lang, now known as Elizabeth A. Krzos, Plaintiffs,

v.

Richard William LANG, Defendant.

In re Jack F. BRADLEY a/k/a Jason Bradley, Debtor.

Phillip A. THIELMAN, Esq. and Audrey A. Bradley, Plaintiffs,

v.

Jack F. BRADLEY a/k/a Jason Bradley, Defendant.

In re Lawrence Richard MURRAY, Debtor.

Robert D. KOLKEN and Elizabeth A. Murray, Plaintiffs,

v.

Lawrence Richard MURRAY, Defendant.

Bankruptcy No. B–79–14027 M, AP–79–1005 M;
Bankruptcy No. B–80–11510 M, AP–80–1169 M;
Bankruptcy No. B–80–11754 M, AP–80–1196 M.

United States Bankruptcy Court, W. D. New York.

May 29, 1981.

Thielman, Jasen & Cleary, Buffalo, N.Y. (Paul H. Thielman, Buffalo, N.Y., of counsel), for plaintiffs in case no. B–79–14027 M.

Lovallo, Matusick & Spadafora, Buffalo, N.Y. (Timothy R. Lovallo, Buffalo, N.Y., of counsel), for defendant in case no. B–79–14027 M.

John Lloyd Egan, Buffalo, N.Y., for plaintiffs in case no. B–80–11510 M.

Bryan G. Brockway, Buffalo, N.Y., for defendant in case no. B–80–11510 M.

Robert D. Kolken, Buffalo, N.Y., for plaintiffs in case no. B–80–11754 M.

Bryan G. Brockway, Buffalo, N.Y., for defendant in case no. B–80–11754 M.

BERYL E. McGUIRE, Bankruptcy Judge.

Submitted without trial and upon stipulated facts, the three above captioned adversary proceedings raise common dischargeability issues.

Involved in the Lang proceeding is an award of attorney's fees in the sum of $1,000.00 to Elizabeth Lang against Richard Lang by the New York Supreme Court, in an action for divorce. The award is payable directly to Elizabeth Lang's attorney, John Lloyd Egan, Esq.

An award of attorney's fees in the sum of $1,250.00 (on which there presently is due a balance of $737.08) to Elizabeth Murray against Lawrence Murray by the New York Supreme Court in an action for divorce is the subject of the Murray proceeding. The award is payable directly to Robert D. Kolken, Esq., Elizabeth Murray's attorney.

Similarly, the Bradley proceeding involves an award by the New York Supreme Court in an action for divorce to Audrey Bradley against Jack F. Bradley in the sum of $500.00. The award is payable directly to Phillip A. Thielman, Esq., Audrey Bradley's attorney.

In no proceeding is the reasonableness of the award an issue. To be resolved in each is the issue of the dischargeability of the obligation to the former wife and of the obligation to the attorney.

## I

This Court has jurisdiction of the parties and of the subject matter. Pub.L. 95–598, Title IV § 405(b) (95th Cong. 2d Sess.1978); 28 U.S.C. § 1471 (Supp.1980); 11 U.S.C. § 523(a)(5) (1979).

## II

In the context of the three New York actions for divorce, as will be subsequently demonstrated, it was the wife and not her attorney who enjoyed the right to seek attorney's fees. For that reason, questions arising from the payment provisions of the awards will be put aside for the moment and the question of the dischargeability of the obligations to the wives addressed.

## A.

New York recognizes that an award of attorney's fees may be essential to a spouse's ability to carry on or to defend a matrimonial action or proceeding.[1] Such an award is viewed as being in the nature of alimony or support.[2]

Governing the dischargeability of such an award in a chapter 7 case is section 523 of title 11 of the United States Code which provides in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

---

1. N.Y.Dom.Rel.Law § 237 (McKinney Supp. 1980) provides in pertinent part:

(a) in any action ... for a divorce ... the court may direct either spouse ... to pay such sum or sums of money directly to the attorney of the other spouse to enable that spouse to carry on or defend the action ... as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties.

2. New York awards counsel fees in matrimonial actions pursuant to support and need indices. *Blauner v. Blauner*, 60 A.D.2d 215, 400 N.Y.S.2d 335 (1st Dept.1977); *Bockstahler v. Bockstahler*, 51 A.D.2d 675, 378 N.Y.S.2d 159 (4th Dept.1976); *Wood v. Wood*, 21 A.D.2d 627, 253 N.Y.S.2d 195 (1st Dept.1964).

While New York may view the award as being in the nature of alimony, it is abundantly clear that in the context of a bankruptcy case this is a federal and not a state question. The House and Senate Reports which accompanied H.R.8200 and H.R.S. 2266 and which described this subsection as it subsequently was enacted state that the subsection:

> ... excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of, the spouse or child. This language, in combination with the repeal of section 456(b) of the Social Security Act (43 U.S.C. 656(b)) by section 327 of the bill, will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent. *See Hearings*, pt. 2, at 942. *What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law.* Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974); *Hearings*, pt. 3, at 1308–10, are overruled, and the result in cases such

as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement. *See Hearings*, pt. 3, at 1287–1290.[3] [*Emphasis added.*]

In its effort to formulate and articulate a federal view to govern these awards, the Court has had the benefit of a number of lower court decisions on the subject.[4] In addition, in the belief that a strongly and widely held view by the various states on this subject ought to be afforded weight, their statutes and/or decisions have been surveyed. The vast majority of jurisdictions express views similar to New York's[5]

---

3. H.R.Rep.No.595, 95th Cong., 1st Sess. 364 (1977); S.Rep.No.989, 95th Cong., 2d Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865, 6320.

4. Several bankruptcy courts have considered the dischargeability under section 523(a)(5) of attorneys' fees awarded directly to former spouses' attorneys within divorce decrees. *In re Allen*, 4 B.R. 617, 6 B.C.D. 576 (Bkrtcy., E.D.Tenn.1980) and *In re Spong*, 3 B.R. 619, 6 B.C.D. 604 (Bkrtcy., W.D.N.Y.1980) focused on the fact that the award was to an entity other than the spouse and held it dischargeable. Both *In re Pelikant*, 5 B.R. 404, 6 B.C.D. 758 (Bkrtcy., N.D.Ill.1980) and *In re Knabe*, 8 B.R. 53, 7 B.C.D. 185 (Bkrtcy., S.D.Ind.1980), recognized but then rejected the above argument, holding that attorneys' fees were in the nature of alimony and support and therefore nondischargeable. *In re Bell*, 6 B.R. 653, 6 B.C.D. 833 (Bkrtcy., W.D.Okla.1980) reasoned that debts to third parties should not be perfunctorily rendered dischargeable and held attorneys' fees to be in the nature of alimony.

5. The following states have expressly likened an award of counsel fees to alimony, maintenance or support:

> *Alaska,* Alaska Stat. § 09.55.200, *Bishop v. Bishop,* Civ.No. 70–2497 (1973); *Cal., Jones v. Tyson,* 518 F.2d 678 (9th Cir. 1975); *Conn., Krasnow v. Krasnow,* 140 Conn. 254, 99 A.2d

104 (1953); *Ga., Brown v. Brown,* 224 Ga. 90, 160 S.E.2d 343 (1968); *Ida.,* Idaho Code § 32–704 (Supp.1980), *Reeves v. Andersen,* 89 Idaho 512, 406 P.2d 812 (1965); *Ill.,* Ill. Ann.Stat. ch. 40 ¶ 508 (Smith-Hurd 1980), *Pedersen v. Pedersen,* 77 Ill.App.3d 716, 33 Ill.Dec. 270, 396 N.E.2d 659 (1979); *Mass., Zildjian v. Zildjian,* —— Mass.App. ——, 391 N.E.2d 697, 706 (1979); *Minn.,* Minn.Stat. Ann. § 518.14 (West 1969), *Hempel v. Hempel,* 225 Minn. 287, 30 N.W.2d 594 (1948); *Mo., Stanfill v. Stanfill,* 505 S.W.2d 438 (Mo. App., 1974); *N.J., Pelusio v. Pelusio,* 130 N.J. Super. 538, 328 A.2d 10 (1974); *Ohio, Swanson v. Swanson,* 48 Ohio App.2d 85, 355 N.E.2d 894 (1976); *Okla., Turman v. Turman,* 438 P.2d 488 (Okl.1968).

Both *Neb., Kosnopfl v. Kosnopfl,* 206 Neb. 524, 293 N.W.2d 854 (1980), and *W.Va.,* W.Va.Code § 48–2–13 (1980), *Miller v. Baer,* 114 W.Va. 566, 172 S.E. 612 (1934) treat counsel fees as an element of alimony.

The following states, while emphasizing the discretion given the trial judge, impliedly liken attorney fees awards to alimony, support and maintenance in that they look to similar criteria in awarding each. Typical criteria include the need and relative financial position of the parties.

*Ala., Frazier v. Frazier,* 273 Ala. 53, 134 So.2d 205 (1961); *Ark.,* Ark.Stat. § 34–1210 (Supp.1979), *Grumbles v. Grumbles,* 245 Ark.

Addressing this issue in *In re Knabe; Bennett v. Knabe,* 8 B.R. 53, 56, 7 BCD 185, 187 (Bkrtcy., S.D.Ind.1980), the Court observed:

> ... the court cannot formulate that standard in a historical vacuum. The classification of various payments as alimony or support is rooted in the law of the states, to whom the Tenth Amendment reserved the power to govern domestic relations. The law can be used as a guide in developing a bankruptcy concept of support to the extent it is persuasive. Congress mandated the bankruptcy courts to disregard state law in this area only where a state defines alimony or support so broadly that it includes property settlement. Such intent is indicated by Congress' overruling of *In re Waller,* 494 F.2d 447 (6th Cir. 1974), and its approval of the result in *Fife v. Fife,* 1 Utah 2d 281, 265 P.2d 642 (1954), both of which deal with property settlement. House and Senate Reports, *supra.* [Numbering and footnote omitted.]

With the above analysis this Court fully agrees.

As previously mentioned, the states have uniformly regarded the award of attorney's fees in an appropriate case as being essential to the protection of spousal and children's rights and as being in the nature of alimony or support. This Court perceives no compelling reason for the federal courts to quarrel with that view in interpreting the federal statute.

■ On the balance, therefore, the Court concludes that an award of attorney's fees to a spouse, if reasonable in amount, ought to be viewed as being actually in the nature of alimony within the meaning of section 523(a)(5). [Although the excessiveness of an award has not been raised in these proceedings, in articulating a standard the Court believes it is appropriate to express its doubts as to whether an excessive award, to the extent that it is excessive, should be viewed as nondischargeable. In such a case, the excess would not be *actually* in the nature of alimony and its inclusion in a judgment of nondischargeability would conflict with the fresh start principle.[6]]

### B.

The Court now must consider the effect, if any, of these awards having been made payable directly to the wives' attorneys.

77, 431 S.W.2d 241 (1968); *Del.,* Del.Code tit. 13 § 1515 (Supp.1980), *CWH v. MH,* Del., 407 A.2d 1049 (1979); *Fla.,* Fla.Stat.Ann. §§ 61.-08, 61.16 (Supp.1980), *Canarkis v. Canarkis,* 382 So.2d 1197 (Fla.1980); *Iowa, In re Marriage of Willcoxson,* Iowa, 250 N.W.2d 425 (1977); *Kan.,* Kan.Civ.Pro.Stat.Ann. § 60–1610(d) & (g) (1976), *Dunn v. Dunn,* 3 Kan. App.2d 347, 595 P.2d 349 (1979); *Ky.,* Ky. Rev.Stat. §§ 403–200, 220 (1969), *Wilhoit v. Wilhoit,* 521 S.W.2d 512 (1975); *La., Martin v. Martin,* 191 La. 761, 186 So. 94 (1939); *Md., Hall v. Hall,* 32 Md.App. 363, 362 A.2d 648 (1976); *Mich., Vaclav v. Vaclav,* 96 Mich. App. 584, 293 N.W.2d 613 (1980); *Miss., Barber v. Barber,* 234 Miss. 89, 105 So.2d 630 (1958); *Mont.,* Mont.Rev.Codes Ann. §§ 40–4–110, 202, 203 (1979), *Cook v. Cook,* 614 P.2d 511 (Mont.1980); *Nev., Sargeant v. Sargeant,* 88 Nev. 223, 495 P.2d 618 (1972); *N.H., Stephenson v. Stephenson,* 111 N.H. 189, 278 A.2d 351 (1971); *N.M., Michelson v. Michelson,* 86 N.M. 107, 520 P.2d 263 (1974); *N.C.,* N.C.Gen.Stat. § 50–16.4 (1976), *Upchurch v. Upchurch,* 34 N.C.App. 658, 239 S.E.2d 701 (1977); *Pa.,* Pa.Stat.Ann. tit. 23, § 46 (Purdon Supp.1980), *Jack v. Jack,* 253 Pa.Super.Ct. 538, 385 A.2d 469 (1978); *R.I.,*

R.I.Gen.Laws § 15–5–16 (Supp.1980), *Hull v. Hull,* R.I., 384 A.2d 1065 (1978); *S.C., Nienow v. Nienow,* 268 S.C. 161, 232 S.E.2d 504 (1977); *S.D.,* S.D. Compiled Laws Ann. § 15–17–7 (1967), *Wallahan v. Wallahan,* S.D., 284 N.W.2d 21 (1979); *Utah, Gramme v. Gramme,* Utah, 587 P.2d 144 (1979); *Va., Hughes v. Hughes,* 173 Va. 293, 4 S.E.2d 402 (1939); *Wash., Baker v. Baker,* 80 Wash.2d 736, 498 P.2d 315 (1972); *Wis., Anderson v. Anderson,* 72 Wis.2d 631, 242 N.W.2d 165 (1976).

*Colo., Smith v. Smith,* 172 Colo. 516, 474 P.2d 619 (1970), while looking to the need and relative financial positions of the parties in awarding both alimony and counsel fees, also seeks to put the wife in the same position she was in before marriage, indicating property division overtones. *Texas, Jackson v. Jackson,* 506 S.W.2d 261 (Tex.Civ.App., 1974), *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950), treats attorney fees as a factor to consider in the total distribution of the marital estate.

**6.** *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934).

■ Provision for the payment of an award to a spouse directly to his or her attorney resulted from a 1978 amendment to section 237 of New York's Domestic Relations Law.[7] That amendment conferred standing upon the attorney to seek direct payment from the spouse-obligor in the pending matrimonial action or proceeding.[8] In the Court's view, the procedure authorized by this amendment is tantamount to an assignment by operation of law of the spouse's right to payment of the award to her attorney and a recovery by the attorney thereon. So viewed, here the debtors' resulting obligations directly to the attorneys are discharged under the explicit provisions of section 523(a)(5)(A).[9]

### C.

■ In the instant proceedings, does the discharge of a debtor's obligation to his spouse's attorney release the debtor's obligation to his former wife?

The Court believes it does not. The obligation of the former wife to pay her attorney his fees, of course, is unaffected by her former spouse's order of discharge from this Court. The assignment of her right to payment, which occurred by operation of law under New York's procedures, would satisfy her obligation to her attorney only to the extent that a recovery followed. To the extent that a recovery by the attorney is not possible due to bankruptcy and to the extent that she, therefore, remains liable to her attorney, she, by indemnity or subrogation, would succeed to her original rights. Thus, in her hands the obligation would remain nondischargeable.

### III

Each plaintiff spouse is entitled to a judgment determining the debt to her to be nondischargeable. Each defendant spouse is entitled to a judgment discharging his debt to his spouse's attorney.

So Ordered.

7. N.Y.Dom.Rel.Law § 237 (McKinney Supp. 1980).

8. Governor's Bill Jacket, June 19, 1978 [accompanying 1978 N.Y. Laws, Ch. 444, Assembly Bill 7680].

9. *Contra, In re Knabe, supra.*