Vicky L. MACY, Appellant (Defendant),

v.

Douglas K. MACY, Appellee (Plaintiff).

Douglas K. MACY, Appellant
(Plaintiff),

v.

Vicky L. MACY, Appellee (Defendant).

Nos. 85–58, 85–59.

Supreme Court of Wyoming.

Feb. 25, 1986.

Rex O. Arney of Redle, Yonkee & Arney, Sheridan, for appellant in case No. 85–58 and appellee in case No. 85–59.

Robert W. Connor, Jr., Sheridan, for appellee in case No. 85–58 and appellant in case No. 85–59.

Before THOMAS, C.J., and ROONEY,* BROWN and CARDINE, JJ., and RAPER, J., Retired.

RAPER, Justice, Retired.

These are companion appeals. Both arise out of proceedings and a petition for modification of a decree of divorce entered on June 24, 1983, in which proceedings Douglas K. Macy (plaintiff) was the plaintiff and Vicky L. Macy (defendant) was the defendant. Following a hearing on November 28, 1984, on December 24, 1984, an amended order modifying the decree of divorce was entered. Both parties appeal from that order. Defendant is the appellant in Case No. 85–58. Plaintiff is the appellant in Case No. 85–59.

Defendant, in Case No. 85–58, states the questions to be:

1. "Did the lower court improperly give Plaintiff judgment against Defendant for payments of debts which had been discharged in Defendant's bankruptcy?"

2. "Did the lower court err in not awarding Defendant her attorney fees and court costs which she incurred as a result of initiating an action as a result of Plaintiff's failure to make his child support payments?"

Plaintiff, in Case No. 85–59, states the issue to be:

"Whether The District Court Abused Its Discretion In Denying The Appellant's [plaintiff's] Motion For Modification Of The Divorce Decree."

We will reverse the district court's amended order which gave judgment to plaintiff for debts he was and will be required to pay as a result of defendant's discharge from such debts in bankruptcy and remand for a further hearing and reconsideration by the district court on all other issues.

The 1983 decree of divorce, with respect to child support, provided that:

"6. The Plaintiff shall pay Two Hundred Fifty Dollars ($250.00) per month per child as child support, commencing July 1, 1983 and continuing until each child reaches the age of nineteen, becomes self-supporting or married, whichever shall occur first.

"The child support payments of $250.00 per month per child shall be increased [or decreased] each year, if the total year's earnings of the Plaintiff increase [or decrease] based upon the immediate previous year's total earnings, effective [May] 1, upon the ratio of $250.00 to $20,000.00. [The Plaintiff shall provide a copy of his income tax return to the Defendant by April 15 of each year.]

"All child support payments shall be made through the Clerk of District Court of Sheridan County, Wyoming. The Defendant shall keep the Clerk of District Court informed of her address at all times." (Bracketed material added in original and initialed by plaintiff.)

---

* Retired November 30, 1985. Decided by the majority prior to the retirement of Justice Rooney.

In applying that escalation clause of the 1984 amended order of modification, the trial judge held that, based on the formula of $250 to $20,000 and that a "total year's earnings" meant earned income each year, effective May 1, 1984, the child support payments should be increased to $293.14 per month per child or $586.28 for both children. The court, in order to arrive at such figure, found from the evidence that in 1983 plaintiff's "total wages, salary, tips, etc." came to $29,367 less moving expenses from Wyoming to Texas of $5,916, making his "earned income" for such year the sum of $23,451. In percent, $250 to $20,000 is .0125 (.0125 × $23,451 = $293.1375). Plaintiff, by the divorce decree, was also to maintain health insurance for the children and to pay for any medical, dental, optometric, orthodontic and prescription drug expenses not covered by the insurance.

By further provisions of the 1983 divorce decree, defendant received a 1981 Ford Econoline Van subject to the indebtedness against it which she was to assume and pay, the family home subject to the mortgage against it which she was to assume and pay, and a business known as Macy's Floral, also subject to its indebtedness which she was to assume and pay. The decree further provided that plaintiff was to be held harmless from all such indebtedness. Defendant was also required to pay some $13,648.64 in other itemized debts. It is noted that about $4,000 of that indebtedness was for medical, hospital and dental expenses of which part was to be paid from health insurance.

After the divorce, defendant operated the floral business but discovered that the cash flow was not as anticipated, and the business debts were far more than as represented by plaintiff and more than she expected. The business was subject to a security agreement. It was necessary that the creditor bank take its security, which included the van set over to defendant but used in the business, and liquidate the same. Defendant was unable to meet the mortgage payments on the family home and, under threat of foreclosure, turned it over to the creditor bank. Plaintiff is signatory to the bank indebtedness which on July 11, 1984, was $125,623.32 plus interest and expenses. The home at best will probably not bring over $110,000. Plaintiff is responsible for the deficiency.

Acting upon the advice of bank official(s), defendant, in April 1984, filed a petition commencing bankruptcy proceedings under Title 11, United States Code. Plaintiff was named as a creditor in the proceedings. The bankruptcy petition named the creditor bank, but the bank obtained a release of its security. Defendant would be discharged as to any deficiency. On September 12, 1984, defendant, as the petitioning debtor, was released from all dischargeable debts. The order of the bankruptcy judge specifically provided:

"3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived." [1]

The amended order of the trial judge contained the following findings and judgment for plaintiff against defendant:

---

1. The bankruptcy court's discharge-of-debtor order provides in paragraph 2 that:

"2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

"(a) debts dischargeable under 11 U.S.C. § 523;

"(b) unless heretofore or hereafter determined by order of this court to be nondis-

chargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a);

"(c) debts determined by this court to be discharged under 11 U.S.C. § 523."

11 U.S.C. § 523 covers debt discharge exceptions. Plaintiff does not qualify for such exceptions other than an air fare item. This will be covered later in this opinion.

"XI.

"That pursuant to the decree of divorce defendant was made responsible for paying all indebtedness associated with Macy's Floral as well as certain debts itemized in the decree of divorce; that the defendant filed for bankruptcy and was discharged in bankruptcy resulting in a discharge of all the debts for which she was originally made responsible under the terms of the decree of divorce, and that the plaintiff may have been required to pay certain of those debts and may be required to pay certain of those debts in the future.

"XII.

"That the plaintiff should have judgment against the defendant for any sums he was legally required previously to pay or may hereafter be legally required to pay on those debts which were the defendant's obligation under the decree of divorce.

\* \* \* \* \* \*

"IT IS FURTHER ORDERED that plaintiff shall have judgment against defendant for payments actually made by him and for which he was legally required to pay or may be required to pay in the future to creditors of defendant which are set forth in the decree of divorce or referred to therein and which were discharged in Defendant's bankruptcy."

By the same order, the trial judge gave judgment to defendant in a sum certain for unpaid child support:

"IT IS FURTHER ORDERED that defendant shall have judgment against plaintiff for child support arrearages totaling $3,153.31 for child support owing by plaintiff to defendant through November, 1984."

Most of the child support arrearages arose as a result of plaintiff being called upon by VISA and MasterCard to pay debts which by the 1983 decree of divorce defendant was required to pay but from which she has now been discharged in bankruptcy. Plaintiff deducted such payments from child support he was required to pay to defendant by virtue of the same decree. It will be recalled that defendant was discharged in bankruptcy from any debt she owed plaintiff. Plaintiff was a creditor as to other amounts he deducted, including air fare of $508.46 he had to pay for return of the children from a visitation but which defendant was to pay under the custody and child support terms of the divorce decree.

I

The foregoing sequence of events gives rise to defendant's first issue: Was the bankruptcy release of defendant from debts she was to pay under the divorce decree properly chargeable back to her by the subsequent judgment for plaintiff against defendant?

 Before going further, it should be mentioned that child support is for the benefit of the children as plaintiff's obligation to contribute to the upbringing of his children. A support payment is the children's money administered in trust by defendant for their benefit. When plaintiff withholds support for the children, he is depriving them. We do not have an alimony question where, under some situations not present here, the former husband could possibly withhold alimony payments from a former wife where he has been required by some creditor to pay a debt, the obligation of which was the former wife's under the divorce decree. We do not decide such an issue of alimony but set it out only to illustrate a difference between child support and alimony. Plaintiff and the trial judge seem to have lost sight of the real purpose of child support. As an observation on reality, however, there are no doubt cases where a mother uses child support for her own benefit to the disadvantage of the children, and, having that in mind, a trial judge sometimes looks with skepticism at some claims for child support and becomes wary. The trial judge may have detected something like that here, but it certainly does not appear in the record. As is the usual case, the original 1983 divorce

proceedings were probably not reported and so cannot be part of the record.

While the issue of discharge in bankruptcy was raised in the district court and strongly argued in generalities, we cannot see from the files and transcript before us that the trial judge was ever furnished with the applicable federal statutes and case law on bankruptcy under the circumstances, as we have been favored. If he had been accommodated with that clear-cut authority, he may not have ruled as he did. It may not be uncommon that lawyers sometimes make a larger effort on the law in this Court than at the trial level.

The bankruptcy court must grant a debtor a discharge except in certain stated instances not present here. 11 U.S.C. § 727(b) (1982) provides:

"Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title."

11 U.S.C. § 523(a)(5) (1982) [2] would apply to defendant as a bankrupt. Plaintiff is not the bankrupt. While a bankrupt debtor is discharged from many types of debt, child support is not discharged. There was no provision for defendant paying child sup-

port to plaintiff. The pertinent section is 11 U.S.C. § 524(a) (1982):

"(a) A discharge in a case under this title—

"(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;

"(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived; and

"(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523 or 1328(c)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not dis-

---

**2.** 11 U.S.C. § 523(a)(5) (1982):

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

 \* \* \* \* \* \*

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

"(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise \* \* \*; or

"(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; \* \* \*"

We consider the $508.46 paid by plaintiff for the return of the children to defendant following visitation with plaintiff to be a part of the obligation of defendant to . share the expense of support provided by the divorce decree by which plaintiff was required to pay costs of transportation of the children to him, and defendant was to pay the expense of their return.

charge of the debt based on such community claim is waived."

The clear language of this section is dispositive of the case. All of the debts defendant was required to pay under the decree of divorce have been discharged, including the payments made by plaintiff on the MasterCard and VISA accounts, as are the debts upon which he has made no payments. Plaintiff was named as a creditor in the bankruptcy proceeding, and whether the debt is determined to be for those debts listed in the divorce decree or defendant's debt to plaintiff because he had to pay them is immaterial; defendant is discharged in any event for debts arising prior to September 12, 1984, the date of the bankruptcy order entitled Discharge of Debtor.

■ The order of discharge of debtor appears in the district court file and was stamped as filed on September 13, 1984. There is no indication as to how it was received for filing, but it probably was sent by the bankruptcy court for the district of Wyoming because plaintiff was named as a possible creditor by virtue of the decree of divorce. The order of discharge declares that:

> "All creditors whose debts are discharged by this order * * * are enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived."

Plaintiff is thus specifically enjoined from claiming any offset. Claim of nondischargeability should have been made by plaintiff to the bankruptcy court. There is no indication that was done. This Court and the district court are bound by the bankruptcy laws of the United States, regardless of failure of plaintiff to make his claim to the bankruptcy court.

We must, therefore, conclude that plaintiff must make no effort or do no act to enforce in any way that part of the amended order granting him a judgment for debts of defendant, as listed in the divorce decree, which have been discharged. Under 11 U.S.C. § 524(a)(1), supra, that part of the amended order is also void. The district court judgment in his favor is not only void but plaintiff is enjoined from trying in any fashion to offset the discharged debts against defendant.

This position has judicial sanction unless in some way the payment of debts required of defendant in the divorce decree can be construed to be alimony or child support which are nondischargeable under 11 U.S.C. § 523(a)(5), supra note 2. Here, that is unlikely. A most informative case is *Egan v. Lang*, 11 B.R. 428 (Bkrtcy.W.D.N. Y.1981). The bankruptcy judge quoted from house and senate reports explaining that § 523(a)(5)

> " '... excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of, the spouse or child. This language, in combination with the repeal of section 456(b) of the Social Security Act (43 U.S.C. 656(b)) by section 327 of the bill, will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent. See Hearings, pt. 2, at 942. *What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law.* Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir.1974); Hearings, pt. 3, at 1308–10, are overruled, and the result in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement. See Hearings, pt. 3, at 1287–1290. [Emphasis added.]" (Footnote omitted.) 11 B.R. at 430.

*Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1954), referred to and cited in the report, dealt with property settlement. In *Fife*, the plaintiff was awarded certain jointly acquired property. At the same time, the defendant was ordered to pay designated creditors having claims against the property, which he failed to pay. The defendant filed in bankruptcy and listed the debts he had been ordered to pay. The state trial court entered judgment for the amount of such debts against him in favor of the plaintiff. The Utah Supreme Court held that since the debts forming the basis for the judgment were not within the accepted definition of alimony or support, the judgment was dischargeable in bankruptcy and was vacated.

Obviously, there is no concept of alimony or child support with respect to the debts in the case before us except as to air fare of $508.46. There was no evidence to that effect in the transcript. The debts were no more than part of the property division. Plaintiff received his pension equity worth $20,000 which he cashed in to make a payment on his new home in Texas, a buckle business, not explained in the proceedings, and a car. Defendant received the home, a van, and a business, all saddled with debt.

Plaintiff's income as a pharmacist is somewhere between $20,000 and $30,000 per annum, whereas defendant's income is now near a poverty level. Plaintiff's only remnant of marital obligation at the time of divorce was child support. Because of defendant's bankruptcy, he is now in the position of having to pay a deficiency on joint obligations related to the home, van, and floral shop, plus other joint debts. 11 U.S.C. § 524(e) (1982) provides that the liability of a co-debtor is not discharged by the bankrupt's discharge. There are now new equities to be considered.

A somewhat similar situation appears in *In re Marriage of Clements*, 134 Cal. App.3d 737, 184 Cal.Rptr. 756 (1982). The trial judge divided up the marital assets and debts. The wife was awarded some debts from which she was ordered to hold the husband harmless. She was separately awarded alimony and support for the children. She ran into financial trouble and was adjudicated bankrupt. Some of the debts were joint with her former husband so he became exposed to payment. The trial court authorized reduction of spousal support. Part of the property, subject to debt, divided in the divorce action remained jointly owned and was sold after the divorce and the adjudication of the wife in bankruptcy. One-half of the proceeds of the sale to which the wife was entitled was delivered to her and, before she could be enjoined, she quickly spent a portion leaving about $6,000 under the trial court's control. The husband sought and obtained an order from the state court requiring that she use the funds to pay toward her share of the debt for which the husband was liable. She obtained an ex parte order from the bankruptcy court to the state court mandating release of the money which she then received and hastened to spend. The state appellate court, while somewhat disturbed by that turn of events, nevertheless acknowledged that the funds and debt were part of the property distribution between the parties dischargeable in bankruptcy not in any way "alimony, maintenance or support" for a spouse or child under the exception, 11 U.S.C. § 523(a)(5), supra note 2, though the husband did have custody of one child. Left at issue, then, was whether spousal support could be reduced because of the added debt burden the husband was required to assume. The court held that, in such case, the obligation of support is a question which must be decided under state law using the usual tests to determine whether the economic situation of the parties had materially changed. The court thereupon affirmed the family court's adjudication of reduced spousal support based on the proposition that an order modifying an award for support constitutes an abuse of discretion only where it must be concluded no judge reasonably could have made such an order.

We have spent considerable space reviewing the California case of *In re Marriage of Clements* because it gives us a clue to the solution of the issues. The

views of *Egan v. Lang,* supra, *Fife v. Fife,* supra, and *In re Marriage of Clements,* supra, do not stand alone. See also *Nitz v. Nitz,* 568 F.2d 148 (10th Cir.1977).

Since we cannot conceive anything in the nature of alimony or child support with respect to the division of property and debts, we must conclude and hold that defendant's discharge in bankruptcy prohibits the trial judge from entering judgment for plaintiff against defendant for debts discharged in bankruptcy which plaintiff was and will be required to pay. We must accept the supremacy of the United States in the enactment of its bankruptcy laws, the purpose of which is to afford "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 93 A.L.R. 195 (1934). However, the $508.46 air fare for return of the children which plaintiff was required to pay was properly chargeable to defendant as an item of support under the express support and visitation provisions of the divorce decree.

## II

■ We now consider plaintiff's claim of error during the hearing when the trial judge denied his oral motion for modification of the divorce decree for a reduction of child support. At the same time, we will deal with defendant's issue of the trial court's denial of attorney's fees to her.

By our action in holding void the district court's granting of a judgment to plaintiff against defendant for debts he has been required to pay by reason of the inability of defendant to meet those obligations and her bankruptcy prohibiting plaintiff from pursuing a recovery from her, we have upset the balance of the court's amended order of modification. We are unable to weigh the correctness of the other determinations of the trial judge when there is missing a substantial and vital part of the trial court's total determination.

There are other problems we see. The "judgment" against plaintiff was open-end-ed. At the time of the hearing, plaintiff was paying on the charge card debts. We do not know what other debts he may have paid. At that time, the bank deficiency seemed to be around $15,000 if the property could be sold at the estimated price. Interest has been running—probably at a high rate. We do not know how the "judgment" plaintiff has is being satisfied, if at all; whether it has been treated as a setoff to defendant's judgment for unpaid child support and whether support for the children is once again being reduced by further payments he may have made on other debts he is being required to make. We wonder whether his financial capabilities are such that he can meet the increased child support decreed by the trial court in face of what may be other heavy debt burdens. We neither decide this question nor suggest that the child support must be reduced or increased, but it deserves reconsideration.

There is no question but what the trial judge can change the provisions in a divorce decree with respect to the children. W.S. 20-2-113(a):

"(a) * * * On the petition of either of the parents, the court may revise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires."

This Court has many times said that whether or not to modify a divorce decree rests in the sound discretion of the court, and the court's determination will not be disturbed except for a grave abuse of that discretion or violation of some legal principle. *Manners v. Manners,* Wyo., 706 P.2d 671 (1985), and cases there cited. Here, we have the case of a violation of a legal principle, so the modification must be disturbed. It is not, however, our function to in the first instance modify a divorce decree, nor is there adequate information in the record, even if we could modify the divorce decree or modify the modification. The matter, because of what appears to us to be a decree requiring modification as to support because of radically changed cir-

cumstances, necessitates reconsideration at the trial level as though it was a new proceeding.

In child custody and support proceedings, the paramount concern of the court is the child's welfare. *Bereman v. Bereman*, Wyo., 645 P.2d 1155 (1982). The court is required to consider *all* its aspects and surrounding circumstances in order to make provision for adequate support. *Mentock v. Mentock*, Wyo., 638 P.2d 156 (1981); *Rose v. Rose*, Wyo., 576 P.2d 458 (1978).

▆▆▆ The oral motion of plaintiff for modification of the divorce decree, made on the date of hearing of the formal and properly filed petition for modification of decree of divorce by defendant, was an improper way to assert the claim of plaintiff. While a proceeding to modify a divorce decree is filed under the same docket assigned in the original proceeding, it is a separate and distinct case involving new issues and new facts. *Leitner v. Lonabaugh*, Wyo., 402 P.2d 713 (1965). The proper procedure in such case was for plaintiff to file an answer and counterclaim for modification to the petition for modification, in accordance with the Wyoming Rules of Civil Procedure, and thereafter the case would have been handled in the same fashion as any other civil case. The reason for pleadings is to give notice in order that the opposing party may properly defend. Since the time for answer and counterclaim has passed, it is suggested that plaintiff file a petition for modification and that, on the rehearing of this case which this Court will require, it be consolidated with defendant's petition for modification for trial.

The judgment for plaintiff is reversed, except for the $508.46 air fare item, and the modification of support issue and question of attorney's fees are remanded for further hearing and reconsideration of all other issues.

ROONEY, J., files an opinion concurring in part and dissenting in part, in which THOMAS, C.J., joins.

ROONEY, Justice, concurring in part and dissenting in part, with whom THOMAS, Chief Justice, joins.

I agree with that said in Part I of the majority opinion, but I do not agree with the result reached in Part II thereof.

In Part II, the majority opinion recognizes the impropriety of plaintiff's oral motion for modification, but, instead of affirming the denial thereof, the matter is reversed for the purpose of correcting the error made by plaintiff and not for the correction of any error made by the trial court. I believe this is a new and dangerous method of appellate disposition of cases. The finding against plaintiff by the trial court was proper on this basis, regardless of the reason given by the trial court for such finding. If there exists any legally valid ground appearing in the record supporting the judgment, it should be affirmed. *Valentine v. Ormsbee Exploration Corporation*, Wyo., 665 P.2d 452 (1983); *Agar v. Kysar*, Wyo., 628 P.2d 1350 (1981).

Of course, either party may petition for modification of the child support provisions of a divorce decree premised on a change in circumstances. Plaintiff may do so in this instance. If he shows a financial inability to make the ordered contribution to the welfare of his children, the court could grant his petition. Likewise, defendant may file a like petition. If she can show that the failure of her business or other financial difficulties on her side make it necessary for an increase of child support by plaintiff for the welfare of the children, the court could grant her petition.

Aside from the propriety of affirming the trial court on the basis of the use of improper procedure by plaintiff, there is no indication that the trial court did not properly consider the present circumstances of the parties in relation to the amount of child support due when it denied modification thereof. Certainly plaintiff should not be able to take it upon himself—without court sanction—to stop paying child support through the clerk of the district court

as ordered. The judgment for arrearages in child support was proper.

Although § 20–2–116, W.S.1977, permits modification of a divorce decree with reference to alimony and child support payments, it does not do so with reference to a property settlement. See *Paul v. Paul,* Wyo., 616 P.2d 707 (1980); *Salmeri v. Salmeri,* Wyo., 554 P.2d 1244 (1976). That property (including the value thereof in relation to the debts assumed) involved in the property distribution under the divorce decree and which subsequently became involved in defendant's bankruptcy should not be considered "weighed," "balanced," or "setoff" in the decision relative to proper child support. To do so would be doing indirectly that which Part I of the majority opinion says cannot be done directly, i.e.:

"* * * Plaintiff was named as a creditor in the bankruptcy proceeding, and whether the debt is determined to be for those debts listed in the divorce decree or defendant's debt to plaintiff because he had to pay them is immaterial; defendant is discharged in any event for debts arising prior to September 12, 1984, the date of the bankruptcy order entitled Discharge of Debtor.

\*　　\*　　\*　　\*　　\*　　\*

"Plaintiff is thus specifically enjoined from claiming *any offset.* * * *

"* * * [P]laintiff must *make no effort* or do no act to enforce *in any way* that part of the amended order granting him a judgment for debts of defendant, as listed in the divorce decree, which have been discharged. * * * The district court judgment in his favor is not only void but *plaintiff is enjoined from trying in any fashion to offset the discharged debts against defendant.*

\*　　\*　　\*　　\*　　\*　　\*

"* * * [W]e cannot conceive anything in the nature of alimony or child support with respect to the division of property

and debts * * *." (Emphasis added.) 714 P.2d at 779–781.

I would reverse Case No. 85–58 (as does the majority opinion in Part I thereof), and I would affirm Case No. 85–59 (contrary to that done in the majority opinion in Part II thereof).