GEORGE J. RUDNICK, Appellant, *v.* PAULA TUCKMAN, Respondent.

First Department, March 20, 1956.

*George J. Rudnick,* in person, and *William P. Thomas* for George J. Rudnick, appellant.

*Jacob M. Rosenfeld* of counsel (*Franklyn P. Rosenfeld* with him on the brief), for respondent.

BREITEL, J. This is an action by a lawyer for legal fees. He sues a wife, now reconciled with her husband, for services rendered in prosecuting an action for separation against the husband. After trial before a jury a verdict was rendered in his favor for $5,000. The trial court set aside the verdict, and dismissed the complaint, on the ground that, in the absence of an express agreement by the wife to pay for the services rendered to her, there was no liability on her part. From the dismissal of the complaint and the setting aside of the verdict plaintiff lawyer appeals.

The judgment, insofar as it dismisses the complaint, should be reversed and a new trial granted.

It appears from the proof in the case that the wife had first retained another lawyer who was paid some $6,000 out of funds given to her by the husband. Shortly after the institution of the matrimonal action, the plaintiff lawyer in this action was substituted as the lawyer for the wife. In various interim proceedings, in the matrimonial action and in this, the courts held that there was no liability on the part of the husband for any further counsel fees for services rendered to the wife, in view of the fact that adequate provision had been made out of funds, belonging to him, which the wife had advanced to the first lawyer. (N. Y. L. J., June 1, 1949, p. 1944, col. 2; 279 App. Div. 574; 279 App. Div. 1003.)

Plaintiff lawyer and defendant wife in the trial of this case, perhaps deliberately, failed to indicate clearly the theory upon which the case was being tried. For the wife, it was argued that the services were necessaries; that a husband rather than the wife is liable for necessaries; and that, therefore, in the absence of an express agreement by her, she could not be held responsible. On the other hand, plaintiff lawyer contended that the services were not necessaries and, therefore, since they were rendered at the wife's instance and request, an implied agreement to pay on the part of the wife arose and she was responsible. In this regard, however, it was cogently urged by the wife that in prior proceedings plaintiff lawyer had made affidavit to the effect that the services were necessaries. This occurred in the matrimonial action in connection with the application, which was unsuccessful, to obtain additional counsel fees for the wife, and in seeking to hold the husband liable in this action.

Incidentally, the wife testified that, when she retained plaintiff lawyer, the agreement was that he would look only to the husband or the prior lawyer for compensation. Of course, if this had been true, as a matter of express or implied agreement, or even

of representation, then the wife was not liable; but the jury, by its verdict, impliedly found that there was no such agreement.

Actually, the applicable principles are simple. A husband is primarily liable for necessaries, and remains liable, exclusively, for such necessaries, despite the fact that the necessaries were provided at the sole instance and request of his wife. (See, generally, 41 C. J. S., Husband & Wife, § 50.) On the other hand, where the husband, under the supporting circumstances, is primarily liable for necessaries, he is completely discharged of responsibility if he has made reasonable and adequate provision for such necessaries. (*Wanamaker* v. *Weaver*, 176 N. Y. 75; *Frank* v. *Carter*, 219 N. Y. 35.) But, what is a necessary is not determined only by the nature of the goods or services rendered; it is also determined by whether provision has already been made by the person primarily responsible therefor. Food is necessary for those who lack it; it is not necessary for those who have enough.

In this case, the legal services rendered by plaintiff lawyer were in the first instance, apparently, necessaries and would have remained so, if it had not then been determined that the husband had made adequate provision out of his funds for such services. When it eventuated that the $6,000 theretofore provided for legal services for the wife was more than sufficient to cover any needed legal services, it then became apparent that any additional services she sought to procure or had procured were beyond the level of necessaries for which the husband could be held liable. Since, however, the additional services had been rendered at her sole instance and request, and with knowledge by all the parties of the actual provision that had been made by the husband for legal services, there arose an implied agreement by the wife, in law, if not also in fact, to pay. (*Conlin* v. *Cantrell*, 64 N. Y. 217; *Wilder* v. *Brokaw*, 141 App. Div. 811; *Valois* v. *Gardner*, 122 App. Div. 245.) That agreement may have been conditional with respect to future determinations by the courts, but was nonetheless real. Indeed, in this case the wife admitted that, after the services had been performed, she offered to pay plaintiff lawyer. This is a relevant circumstance, indicating acknowlegment of liability. (*Matter of Totten*, 137 App. Div. 273.) This is but an example of the general principle that one who renders services, unless he agrees not to be compensated, or unless he agrees to look only to others for such compensation, creates an obligation in the one who requests the services to pay for them. The fact that plaintiff is a lawyer should not put him in a less advantageous position than a

grocer, a dressmaker or a landlord. Indeed, the services rendered by the lawyer may, in appropriate circumstances, be more vital to the client. In this case there were involved not only the purely matrimonial issues but issues concerning relatively great wealth, some of which was in the wife's legal ownership.

It would have been better if the lawyer, knowing that there had been a prior attorney who had already received a substantial fee, had obtained a written retainer, subscribed by the parties, setting forth expressly the responsibilities for any compensation to which plaintiff lawyer would ultimately be entitled. The difficulties that impended were foreseeable. However, plaintiff lawyer has every right to stand on his basic contract, implied or expressed, for which there is no inhibiting Statute of Frauds. On the other hand, the client who indulges in the luxury of more lawyers and more legal services than the case requires, or which her husband's liability will support, is not entitled to have the benefit of such services without charge merely because, through her own doing, the husband is not liable.

Since the case was tried, however, in a confusion of theories, justice would be best served only if there be a new trial and the verdict not reinstated. While the jury was charged that the case turned on whether on not the wife impliedly pledged her credit, the supporting basis from which that implication might be drawn was never disclosed to the jury, nor did either trial counsel request the appropriate instructions to that effect.

The wife also contends that the jury's verdict was excessive. This may be, but, in view of the necessity for a new trial, it is not necessary to pass upon that question.

Accordingly, the judgment, insofar as it dismisses the complaint, should be reversed on the law and a new trial granted, with costs of the action and the appeal to abide the event.

PECK, P. J., RABIN, FRANK and BERGAN, JJ., concur.

Order insofar as it dismisses the complaint and directs the entry of judgment, and the judgment entered thereon dismissing the complaint, with costs, be and the same hereby are unanimously reversed and a new trial ordered, with costs to abide the event. Settle order.