SHEILA BLAUNER, Respondent, v RICHARD BLAUNER, Appellant.

First Department, December 27, 1977

## APPEARANCES OF COUNSEL

*Joel R. Brandes* of counsel *(Lester Wallman* and *Joel R. Brandes* with him on the brief; *Wallman & Kramer,* attorneys), for appellant.

*Thomas A. Andrews* of counsel *(William A. Shea* with him on the brief; *Shea Gould Climenko & Casey,* attorneys), for respondent.

## OPINION OF THE COURT

Murphy, P. J.

The parties in this divorce action were married in 1954. There are three children of the marriage, the oldest of whom is now 21 years of age. In the late sixties and early seventies, the parties' standard of living was in the area of $150,000 per

year. During those years, the defendant's income from his firm was well over $100,000 per year. Due to business reversals, the defendant was forced to liquidate his firm in 1972. Before that liquidation occurred, the defendant apparently defrauded his factor of about $180,000. There is no real dispute as to the fact that the defendant's personal debts now total over $300,000. This court is not unaware of the fact that a sizable portion of that debt is owed to the defendant's father, who has in the past, often chosen to assist the defendant financially. He is presently employed by his father's firm at a salary of $41,600 per year. Defendant claims current expenses of about $4,200 per month and income of $3,200 per month. As part of his expenses, defendant is required to pay and has paid alimony and child support of $20,500 per year under a judgment of separation upheld by our court (52 AD2d 786). Through gift and inheritance, the record also indicates that the plaintiff's assets are worth about $475,000.

In this consolidated proceeding, both parties sought a conversion divorce under subdivision (5) of section 170 of the Domestic Relations Law. However, the trial court only granted a judgment of divorce to the plaintiff. Since the defendant also lived apart from his wife for more than a year and substantially performed all the terms and conditions of the judgment of separation, he should have also been awarded a judgment of divorce under this "no fault" subdivision.

The court below, in the conversion action, was privileged to consider the question of alimony de novo (Kover v Kover, 29 NY2d 408, 413). It follows that the court could also consider, de novo, the question of child support.

The trial court found, as contended by plaintiff, that the defendant's true income necessarily exceeded his admitted income of $41,000 per year because of his continuing high standard of living. Despite the plaintiff's suspicions in this regard, the evidence adduced at trial was insufficient to support a finding that the defendant's income exceeded $41,000 per year. Taking into account the plaintiff's wealth, the defendant's debt, the best interests of the children and all other relevant factors (Kover v Kover, supra; Boden v Boden, 42 NY2d 210; Stern v Stern, — AD2d —), we find no reason for diverging from the support provision of $20,500 as set in the judgment of separation. Since the defendant will continue to make the same support payments under this judgment, it is unnecessary to reach the issue of retroactivity. Nonetheless,

even if we had increased support payments, such payments would not have been enforced retroactively because the defendant had fully complied with the support provision in the judgment of separation.

■ It is true, as defendant maintains, that the plaintiff should not have been awarded custody of the oldest child, 20 years of age on the date judgment was entered. *(Silverman v Silverman,* 50 AD2d 824.) However, defendant has not appealed from that portion of the judgment awarding custody of the children to the plaintiff. Hence, we do not disturb that decretal paragraph in the judgment.

■ Defendant further alleges that, in view of the fact that the plaintiff was not entitled to the custody of the oldest child, support payments for that child should not have been made to the plaintiff. The defendant does concede that he was responsible for the support of that oldest child until his 21st birthday, and thus, he argues that any support payments should have been made directly to the oldest child. (Family Ct Act, § 413; see *Matter of Parker v Stage,* 43 NY2d 128.) In reducing the alimony and child support payment to $20,500 per year, we have made an appropriate adjustment for the fact that the oldest child turned 21 on September 8, 1977. While the plaintiff may not have been entitled to the custody of the oldest child, we find it appropriate that the child's share of the support payment be paid to his mother for his benefit. (Domestic Relations Law, § 240.)

■ Finally, it should be emphasized that counsel fees are awarded in a matrimonial action in order to insure that an indigent wife has legal representation. If she is able to pay her own counsel, no award may be made *(Kann v Kann,* 38 AD2d 545). Again, considering the relevant needs and circumstances of the parties, the counsel fee borne by the defendant should be reduced to $15,225, which figure will include the services rendered on this appeal. The plaintiff has more than adequate funds to absorb the balance of the bill due.

The other points raised by the defendant do not merit further discussion in this opinion.

For the foregoing reasons, the judgment of the Supreme Court, New York County (CULKIN, J.), entered December 29, 1976, which, *inter alia,* (1) granted the plaintiff a judgment of divorce, (2) awarded the plaintiff alimony of $20,000 per year and child support of $40,000 per year retroactive to June 13, 1972, the date of the parties' separation, and (3) awarded

plaintiff counsel fees of $20,225, insofar as appealed from should be modified, on the law, on the facts, and in the exercise of discretion, by (1) granting a dual divorce to the parties, (2) reducing the award of alimony and child support to $20,500 per year to be paid from the entry of the judgment below, and (3) reducing counsel fees to $15,225, which sum will include the services rendered on this appeal. As modified, the judgment should otherwise be affirmed, without costs. The findings of fact below, which are inconsistent with this opinion, are modified accordingly.

LUPIANO, BIRNS and LANE, JJ., concur.

Judgment, Supreme Court, New York County, entered on December 29, 1976, unanimously modified, on the law, on the facts and in the exercise of discretion, by (1) granting a dual divorce to the parties, (2) reducing the award of alimony and child support to $20,500 per year to be paid from the entry of the judgment below, and (3) reducing counsel fees to $15,225, which sum will include the services rendered on this appeal. As modified, the judgment is otherwise affirmed, without costs and without disbursements. The findings of fact below, which are inconsistent with the opinion of this court, are modified accordingly.