■ ELEANOR L. MARKLAND, Respondent-Appellant, v FRANKLIN J. MARKLAND, Appellant-Respondent.—In a matrimonial action, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered August 29, 1978, which, *inter alia,* granted the wife a divorce on the ground of cruel and inhuman treatment, made awards of alimony and child support, granted the wife custody of the parties' 20-year-old daughter, and awarded the wife a counsel fee of $4,500. Judgment modified, on the law and the facts, by (1) deleting the second, third, tenth and eleventh decretal paragraphs thereof and substituting therefor provisions denying plaintiff's requests for custody, 50% of the outstanding stock of Island Business Machines and a counsel fee, and (2) adding thereto a provision awarding plaintiff interest on her portion of the joint bank accounts which was withdrawn by the husband. As so modified, judgment affirmed, without costs or disbursements, and action remanded to Special Term for entry of an appropriate amended judgment. The trial court erred in granting the wife custody of the parties' 20-year-old daughter (see *Silverman v Silverman,* 50 AD2d 824; see, also, *Blauner v Blauner,* 60 AD2d 215). Since the daughter is over the age of 18 years, she has reached the age of majority for purposes of custody (see Domestic Relations Law, § 2). However, the trial court did not err in awarding child support. While the wife may not have been entitled to custody of the daughter, it was appropriate that the child's share of the support payments be paid to her mother for her benefit (see *Blauner v Blauner, supra*). On the issue of alimony, the evidence adduced at the trial was sufficient to prove that the husband could afford to pay $175 per week. Concerning the court's imposition of a constructive trust on behalf of the wife for 50% of the shares of the defendant's business, it is our opinion that there was no basis for the making of such an award. There was insufficient evidence that from the outset of the business the parties intended that the wife would share equally therein. Although there was a confidential relationship between the parties (i.e., marriage), there was no evidence that the plaintiff relied to her detriment on any promise made by the defendant (cf. *Janke v Janke,* 47 AD2d 445, affd 39 NY2d 786; see, also, *Sharp v Kosmalski,* 40 NY2d 119). Moreover, in our opinion, there is no evidence that the husband will be unjustly enriched. Plaintiff admitted in her testimony that she had started her own competing business and had employed one of the defendant's top personnel. There was also evidence that she had taken over several of the accounts of the defendant's firm. In view of the foregoing, it would be inequitable to direct that the defendant transfer to the plaintiff one half of the stock of his business. Regarding the court's direction that the parties share equally the proceeds of two joint bank accounts totaling more than $54,800, we find that the court's award is not only warranted by section 675 of the Banking Law, but that it is clear and unequivocal. Contrary to the wife's assertion in her brief, the judgment does not permit the husband to retain more than 50% of the funds. Neither does it require her to pay to him 50% of the funds since he in fact has already withdrawn the funds. All that is required by the judgment is that the parties divide the proceeds equally, and nothing more. In addition, the plaintiff should have been awarded interest on her share of the proceeds, which have been withdrawn by the defendant. Since he has had the use of said funds, that is only fair and equitable. Finally, in our opinion, given the circumstances of the parties, their respective financial situations, and the nature of the issues involved herein, the award of $4,500 for a counsel fee was unwarranted in view of the fact that the wife has already paid her attorney $12,500 for his services. We have considered the other points raised by the parties and have

found them to be without merit. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.