■ LINDA BERIS, Respondent, v JEROME BERIS, Appellant.—Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Each of the parties is employed and

the husband earns about $4,000 more per year than the wife. Upon separation they each employed an attorney and at arm's length entered into a separation agreement. The wife was given custody of the children and exclusive possession of the marital residence and the furnishings therein. The husband agreed to pay the sum of $280 per month for the support of the two children. The children are well clothed and have no unmet need. In this divorce action plaintiff sought to increase the support provisions contained in the separation agreement. Although the court had the right to consider the question of alimony *de novo (Kover v Kover,* 29 NY2d 408, 413; *Blauner v Blauner,* 60 AD2d 215, 217), we conclude that under the circumstances it abused its discretion in increasing the support provisions contained in the separation agreement. The judgment is modified, therefore, to delete such increase and to restore the child support provisions of the agreement. Defendant did not appeal from the visitation provisions of the judgment, and so he has no right to attack them on this appeal. In any event, we find no error in the court's disposition thereof. Defendant had it in his discretion to apply to the court for fixation of specific visitation provisions under the separation agreement prior to the divorce action and, when the parties failed to agree orally thereon, that was his proper remedy instead of withholding support payments; and the court did not err in directing him to pay the arrearage. (Appeal from judgment of Erie Supreme Court—divorce.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.