In re Francois DUPONT, Debtor.

E. Lawrence BRASS, Plaintiff,

v.

Francois DUPONT, Defendant.

Bankruptcy No. 181–11419–260N.
Adv. No. 181–0377–260N.

United States Bankruptcy Court,
E. D. New York.

April 27, 1982.

Zuckerberg & Santangelo by Marvin Zuckerberg, Kew Gardens, N. Y., for debtor.

E. Lawrence Brass, pro se.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge:

Plaintiff-Creditor herein, E. LAWRENCE BRASS, ESQ., commenced an adversary proceeding pursuant to Interim Bankruptcy Rule 7002 and Bankruptcy Rule 701(2) against the Debtor in the above-entitled Chapter 7 case. Plaintiff represented the Debtor's former spouse in their matrimonial action. He seeks a determination that attorneys fees and disbursements awarded to him arising out of that action, amounting to $1,640, are nondischargeable. Plaintiff contends that the debt was in the nature of alimony, maintenance or support and is thus excepted from discharge by virtue of Section 523(a)(5) of the Bankruptcy Code.

At the pre-trial hearing of the adversary proceeding, Plaintiff orally moved to have his complaint treated as a motion for summary judgment pursuant to Rule 756 of the Rules of Bankruptcy Procedure. The Defendant did not object to the oral application and thus this court treats the complaint as a motion for summary judgment. Both parties were given an opportunity to submit affidavits in support of their respective positions.

## ISSUES

This case presents the question whether Section 523(a)(5) of the Bankruptcy Code excepts from discharge the following debts arising out of divorce proceedings involving the Debtor and his former spouse.

1. A debt for legal services rendered and disbursements incurred by the attorney for the Debtor's former spouse, where the amount claimed was ordered by the Judgment of Divorce to be paid directly to the attorney;

2. A debt for additional services rendered by the attorney, ordered to be paid to him, arising out of a motion to recover unpaid alimony installments which came due under the original Judgment of Divorce.

3. The amount of unpaid installments not as yet due at the time Plaintiff obtained a judgment and income execu-

tion to recover installment payments which were in default prior to the filing of the petition for relief under Chapter 7.

### FINDINGS

1. The Judgment of Divorce ordered the Debtor to pay to his wife's counsel in the divorce action, the Plaintiff in this proceeding, the sum of $1,250 for counsel fees and $140 in disbursements payable in installments, said payments to be made directly to the Plaintiff herein.

2. Subsequent to the Judgment of Divorce and after the Debtor had failed to make payments to his wife as directed by the Judgment, she caused Plaintiff herein to move in the State Court, where the divorce proceedings had been instituted, for an order directing the Debtor's employer to deduct from his wages the amounts required to be paid. The motion was granted and in addition to the payments due the wife, the court awarded Plaintiff the sum of $250 for his services in connection with the motion, the same also to be paid in installments.

3. By reason of the failure of the Debtor to make any of the installment payments to the Plaintiff herein, he obtained a judgment against the Debtor on March 19, 1981, for $771.44 which represented the amount of the installments then due and not paid. Thereafter, on March 25, 1981, an income execution was delivered to the Sheriff for service upon Debtor's employer.

4. Shortly thereafter and on April 28, 1981, the Debtor filed a petition for relief under Chapter 7, which instituted the within bankruptcy proceedings. By virtue of the provision of Section 362 of the Bankruptcy Code, the Plaintiff herein was stayed from proceeding further against the Debtor. Consequently, no funds were paid over to the Plaintiff arising out of the aforesaid judgment and income execution.

5. As of April 28, 1981, the date of the petition for relief, there was due and owing, and there is still due and owing, to the Plaintiff herein, the sum of $1,640 representing counsel fees and disbursements as provided for by the aforementioned Judg-ment and order emanating from the State Court proceedings.

### CONCLUSIONS OF LAW

Section 523 of the Bankruptcy Code provides that

"(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support; ..."

■ While the determination as to whether the debt is in the nature of alimony, maintenance or support for the purpose of determining nondischargeability is to be made by the bankruptcy court, it is necessary to look to State law to examine the treatment accorded awards of counsel fees and disbursements in matrimonial actions. *In re Lang*, 11 B.R. 428 (Bkrtcy.W.D.N.Y. 1981); *In re Bishop*, 13 B.R. 304, 4 C.B.C.2d 1386 Bankr.L.Rep. (CCH) para. 68283 (Bkrtcy.E.D.N.Y.1981).

■ It has long been recognized that it is a husband's obligation to support his wife by providing her with the necessaries of life according to his station. *See* discussion in *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosentiel*, 490 F.2d 509, 517 (2d Cir. 1973). The statutes of the State of New York as well as case law recognize that an award of attorneys fees constitutes such a "necessary" because the award is generally granted only when the beneficiary-spouse's ability to retain legal representation in a matrimonial action depends upon it. *Goldberg v. Keller*, 236 App.Div. 541, 260 N.Y.S. 65 (2d

Dept. 1932); *Phillips, Nizer, supra; In re Blust,* 2 B.C.D. 1540 (S.D.N.Y.1976); *Blauner v. Blauner,* 60 A.D.2d 215, 400 N.Y.S.2d 335 (1st Dept. 1977); *In re Steingesser,* 602 F.2d 36 (2d Cir. 1979); *Childs v. Childs,* 69 A.D.2d 406, 419 N.Y.S.2d 533 (2d Dept. 1979) *cert. denied* and *appeal dismissed* 446 U.S. 901, 100 S.Ct. 1824, 64 L.Ed.2d 253 (1980); *In re Bishop, supra; In re Lang, supra.* Section 237 of the Domestic Relations Law (N.Y.Dom.Rel.Law (McKinney)) provides that in any action or proceeding brought, among other things, for a divorce, the court may direct either spouse to pay such sum or sums of money directly to the attorney of the other spouse to enable that spouse to carry on or defend the action. Thus, an award of counsel fees and expenses in a divorce proceeding is viewed as being in the nature of alimony or support, *Blauner, supra,* and accordingly has been held nondischargeable in bankruptcy. *See Steingesser, Bishop, Lang, Blust, supra.*

■ We now come to the question of the dischargeability of the $250 counsel fee awarded the Plaintiff for additional legal services incurred in the commencement of enforcement proceedings. Section 238 of the Domestic Relations Law (N.Y.Dom. Rel.Law (McKinney)) provides that in any action or proceeding to compel the payment of any sum of money required to be paid by a judgment or order entered in an action for, among other things, divorce, the court may require either party to pay the expenses of the other in bringing such action or proceeding. Section 244 of the Domestic Relations Law (N.Y.Dom.Rel.Law (McKinney)), which is such an enforcement proceeding, provides that where the spouse defaults in making the payments as required by the judgment or order directing the same, the court shall make an order directing the entry of judgment for the amount of such arrears together with costs and disbursements. It is clear from the statute that awards for attorneys fees in enforcement proceedings are treated in the same manner as in a matrimonial action. *See Childs, supra,* 69 A.D.2d at 418, 419, 419 N.Y.S.2d 533. It should be noted that this court reaches the same conclusion apart

from that clear legislative expression. To treat the $250 awarded Plaintiff in the enforcement proceeding as anything other than a nondischargeable debt would constitute a severe injustice. Those costs occurred as a direct result of the Debtor's failure to make the payments, hereinabove determined nondischargeable, under the original judgment. *See In re Golden,* 1 B.C.D. 1001 (S.D.N.Y.1975) *aff'd.* 411 F.Supp. 1076, 1078 (S.D.N.Y.1976) *aff'd.* 535 F.2d 213 (2d Cir. 1976).

Many courts have held that where the judgment rendered in the divorce proceedings directed that the attorneys fees be paid directly to the attorney instead of the spouse, the claim will be dischargeable in bankruptcy. *See In re Allen,* 4 B.R. 617, 2 C.B.C.2d 589, 6 B.C.D. 576, (E.D.Tenn.1980) *See also, In re Bishop, supra; In re Lang, supra.*

The distinction in treating attorneys fees as dischargeable or nondischargeable, depending upon the method of payment, is no longer recognized by the Second Circuit. *In re Spong,* 661 F.2d 6, 5 C.B.C.2d 242 8 B.C.D. 150 (2d Cir. 1981). After considering the history and legislative intent of Section 523(a)(2), (5), the Court in *Spong* held that counsel fees in a divorce proceeding are nondischargeable notwithstanding the fact that the fees were to be paid directly to counsel for the spouse. Since the *Spong* case is now the law of this Circuit, this court is bound to adopt it as governing this case.

Inasmuch as the entire debt is not discharged, it is immaterial that Plaintiff obtained a judgment and income execution for a part of it which represented the amount of the defaulted installment payments then due. He was limited to the collection of that amount by virtue of the provisions of Section 244 of the Domestic Relations Law of the State of New York as set forth above.

■ Notwithstanding that all of the installments may not have become due at the time Debtor's petition for relief was filed, the entire amount is not dischargeable, in-

asmuch as Section 523(a) excepts the "debt" from discharge. It is to be noted that a "debt" is defined in Section 101(11) of the Bankruptcy Act as a liability on a claim. Section 101(4) of the Code states that a "claim" means:

"(a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."

The amounts awarded Plaintiff by Judgment of Divorce and the later order granting him an additional fee created for him a fixed, liquidated and non-contingent claim. The fact that it was to be paid in installments did not affect its character, particularly in light of the foregoing provision which includes, as a claim, a debt that, contrary to the nature of Plaintiff's claim, has not even matured. Thus, the fact that the claim was to be paid in installments did not in anywise affect its nondischargeability.

Rule 756 of the Rules of Bankruptcy Procedure, which provides for the application of Federal Rule 56 to adversary proceedings, permits the granting of summary judgment in the event there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. In the instant case the court finds that there is no genuine issue as to the findings hereinabove set forth. The Plaintiff is entitled to judgment on the law as it applies to all of the facts present in this case, thereby justifying the granting of his motion for summary judgment that the full amount of the debt in the sum of $1,640 is not dischargeable.

SETTLE ORDER.