In re Robert L. DEY, Debtor.

Margaret DEY, Plaintiff,

v.

Robert L. DEY, Defendant.

Bankruptcy Nos. 80–20387, 80–2108A.

United States Bankruptcy Court,
W.D. New York.

July 26, 1983.

Woods, Oviatt, Gilman, Sturman & Clarke by Gary F. Amendola, Rochester, N.Y., for plaintiff.

Weidman, Williams, Jordan, Angeloff & Frank by Ronald T. Bircher, Rochester, N.Y., for defendant.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

In November of 1982, the plaintiff's and defendant's motions for summary judgment were denied and a hearing was ordered at

which this Court would look behind a judgment in a State Court matrimonial proceeding and receive evidence on the underlying nature of the indebtedness which plaintiff, Mrs. Dey, claims to be nondischargeable under 11 U.S.C. § 523(a)(4) and (a)(6). The judgment was the result of an oral stipulation between the parties incorporated and merged in the decree of divorce. The denial of the summary judgment motions was not appealed.

The facts appear to be as follows. The plaintiff, Mrs. Dey, filed a petition in bankruptcy on October 11, 1979 and was discharged on January 23, 1980. Mr. Dey, the defendant herein, filed his petition in bankruptcy on April 5, 1980. The divorce proceeding in which the judgment was made was heard on March 17, 1980 and the decree was signed on April 24, 1980.

Mrs. Dey, when she filed her petition in bankruptcy, claimed $13,000 in exempt personal property and a $10,000 homestead exemption under the New York State exemption. Her petition indicated that the personal property claimed exempt had been taken by her ex-husband without her consent and its location was unknown. The defendant, Mr. Dey, exempted only the tax refund under the Federal exemption. Neither trustee has sought to set aside any of the transfers.

The oral stipulation which resulted in the judgment in the matrimonial proceeding was to the effect that the debtor quit claim his interest in the marital residence to the wife by deed. The wife was granted sole custody of the issue of the marriage. There was also a stipulation as to visitation rights. The parties stipulated to child support and the return of a travel bag. In consideration of Mrs. Dey's joint interest in the marital property, namely, the personal property disposed of by Mr. Dey, Mrs. Dey was given a money judgment in the amount of $25,000 in satisfaction of that property interest. It was agreed that this was not to be considered a judgment in any way with regard to support or the support obligation. At pages 13 and 14 of the transcript of the Matrimonial Proceeding, which was admit-

ted in this proceeding, the attorney for the debtor stated:

" . . . With regard to the judgment for the personal property, I want that clearly set forth that that is a bargain sale for Mrs. Dey's interest in joint personal property. It has nothing to do with the settlement of any alimony or support obligation, that it does not—is not determinative of what he may have received for the property. It is an amount that is being placed on arbitrarily as to the value of the property. And finally, to solve any fraud problems it has been explained to Mrs. Dey that Mr. Dey anticipates perhaps filing bankruptcy, and she understands that this is a judgment that can be listed in his schedule. . . ."

At the trial of the issues before this Court as to this particular judgment, the only testimony as to value of property admitted was that the value of the personal property admittedly disposed of by Mr. Dey at a sale without the knowledge and consideration of his wife was between $14,000 and $16,000. It also appears from the testimony that this personal property had been purchased during the course of the marriage or given to the parties prior to the marriage for use during the marriage.

From the foregoing, it would appear that the personal property in question was jointly owned. Most of it was bought during the course of their marriage to be used by the parties during the course of marriage. It was not his or hers but jointly owned property. When the split up came, the husband took this personal property and sold it without regard to the wife's interest in the property. Collier on Bankruptcy, 15th Edition, Vol. 3 at page 523–120 says:

" . . . Thus the conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, is a willful and malicious injury within the meaning of the exception. . . ."

The exception that Collier is referring to is 11 U.S.C. § 523(a)(6) and it refers to a number of cases. This definition of a con-

version seems to fit the facts of this particular case.

Therefore, the plaintiff shall have a nondischargeable judgment against the defendant in the amount of $7,500 which is her share of the property sold according to her own witness. She shall also have the cost of this proceeding together with interest from the date of the conversion and it is so ordered.