In re Lewis E. SNYDER, Debtor.

**Betty J. SNYDER, Plaintiff,**

v.

**Lewis E. SNYDER, Defendant.**

Bankruptcy No. 1–82–00916.
Adv. No. 1–83–0003.

United States Bankruptcy Court,
M.D. Pennsylvania.

Feb. 28, 1984.

_____

Richard M. Lovenwirth, Pottstown, Pa., for plaintiff.

Leo H. Eschbach, Pottstown, Pa., for defendant.

**4.** The IRA corpus is exemptable up to the $4,000 personal property exemption provided pursuant to T.C.A. § 26–2–102. The debtor's

MEMORANDUM

## NONDISCHARGEABLE AWARD OF AT-TORNEY'S FEES AND EXPENSES

ROBERT J. WOODSIDE, Bankruptcy Judge.

On October 6, 1982, the debtor, Lewis E. Snyder filed a voluntary petition in bankruptcy under the provisions of Chapter 7 of the Bankruptcy Code. The plaintiff, Betty J. Snyder, on January 4, 1983, filed a complaint for the determination of the dischargeability of a debt owing to her from the debtor. The debtor filed an answer to the complaint on January 20, 1983. The parties have stipulated that the debtor denies the allegations of the complaint and have agreed to brief the legal issues in lieu of a hearing. The issue is whether an award of counsel fees and expenses, granted to the plaintiff by a divorce court, are dischargeable under the Bankruptcy Code.

On March 31, 1982, the Court of Common Pleas of Montgomery County (divorce court) ordered the debtor to pay to the plaintiff the sum of $1,800 as interim counsel fees and expenses. The divorce court ordered that interim payment to enable her to proceed on various marital issues. Subsequently on August 31, 1982, the divorce court ordered the debtor to pay the plaintiff the weekly sum of $100 for the support of Betty J. Snyder, the plaintiff.

Although the debtor acknowledges as nondischargeable his arrearages on the support payments in the amount of $1,290, he denies that the order, compelling him to pay the sum of $1,800 in counsel fees and expenses, is in the nature of support. Support payments are afforded an exception to discharge under subsection 523(a)(5):

(a) A discharge under section 727, 1140, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such

schedules reveal, however, that he has exhausted his personal property exemption in other property.

**520**

spouse or child, in connection with a separation agreement, divorce decree or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(b) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature or alimony, maintenance, or support; . . . .

11 U.S.C. § 523(a)(5).

No allegations were made that the judgment for counsel fees and expenses in favor of the plaintiff has been assigned to her attorneys. The sole issue is whether that judgment for counsel fees and expenses is actually in the nature of a support payment even though it preceded the divorce court's order requiring debtor to make alimony payments to the plaintiff. The Eighth Circuit was presented with a similar situation where the wife's attorney fees were part of the divorce decree which had incorporated the parties' settlement agreement. The Eighth Circuit looked to the function of the award in the divorce decree:

Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. H.S.Rep. No. 595, 95th Cong., 2d Sess. 364, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5865. Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve e.g., *In re Spong,* 661 F.2d 6 [5 C.B.C.2d 242 (2d Cir.1981); *Poolman v. Poolman,* 289 F.2d 332 (8th Cir.1961); *In re Jensen,* 17 B.R. 537 (Bkrtcy.W.D.Mo.1982). Though we of course regard the decisions of the state courts with deference, bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement. E.g., *In re Lineberry,* 9 B.R. 700, 704 (Bkrtcy.W.D.Mo.1981).

*Williams v. Williams, (In re Williams),* 703 F.2d 1055, 1056 (8th Cir.1983). The Eighth Circuit affirmed the District Court affirmation of the Bankruptcy Court's determination that the terms of the divorce decree were for the purposes of support. Id. at 1057.

Similarly, we find that the order granting judgment for counsel fees and expenses in favor of the plaintiff and against the debtor was for the purposes of support. The divorce court entered that order to enable the plaintiff to defend her interests in the divorce proceedings. We conclude that the award of counsel fees and expenses in the amount of $1,800 is in the nature of a support item ordered by the divorce court.

Accordingly, we will enter an appropriate order.