In re Samuel J. HOMYAK, Debtor.

Norman ESSNER, Plaintiff,

v.

Samuel J. HOMYAK, Defendant.

Bankruptcy No. 83 B 20543.
Adv. No. 84 ADV. 6014.

United States Bankruptcy Court,
S.D. New York.

May 16, 1984.

Baum, Essner & Karpel, Hartsdale, N.Y., for Norman Essner.

Richard A. De Lorenzo, P.C., Peekskill, N.Y., for Samuel J. Homyak.

## DECISION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT DUE TO NORMAN ESSNER

HOWARD SCHWARTZBERG, Bankruptcy Judge.

High on the list of creditors who take personal offense when their claims are scheduled for discharge in bankruptcy are lawyers whose counsel fees will be wiped out. Their fuming outrage tends to generate much litigation regarding dischargeability matters. As Shakespeare described the situation, " 'tis like the breath of an unfee'd lawyer." (King Lear, Act I, Sc. 1). This case is no exception. Plaintiff is the lawyer for Linda Homyak, the wife of the debtor, Samuel Homyak. Plaintiff claims that the $900 that the Supreme Court, Westchester County ordered the debtor, Samuel Homyak, to pay to him towards his fee in representing Linda Homyak's successful dismissal of Samuel's divorce action should be nondischargeable after Samuel filed his voluntary Chapter 7 bankruptcy petition.

### FINDINGS OF FACT

1. On November 15, 1983, the debtor, Samuel Homyak, filed with this court his voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. In his schedules, he listed the plaintiff, Norman Essner, Esq., as an unsecured creditor in the amount of $900.

2. The creditors were notified that December 23, 1983 was the date set for the meeting of creditors pursuant to 11 U.S.C. § 341(a) and that the time for filing complaints objecting to the debtor's discharge under 11 U.S.C. § 727(a) was no later than sixty days following such date, as expressed in Bankruptcy Rule 4004(a). The creditors were also notified pursuant to Bankruptcy Rule 4007(c) that a complaint to determine the dischargeability of any debt under 11 U.S.C. § 523(c) must be filed no later than sixty days following December 23, 1983. No objections to the debtor's discharge under 11 U.S.C. § 727(a) were filed. Therefore, on February 14, 1984, an

order was entered granting the debtor his discharge in bankruptcy.

3. On March 14, 1983, Norman Essner, Esq. filed his complaint to have his $900 claim declared nondischargeable on the ground that it was in the nature of alimony pursuant to 11 U.S.C. § 523(a)(5).

4. The matrimonial rift between Samuel and Linda Homyak had resulted in the entry of an order by the Family Court, Westchester County, on February 22, 1982, directing Samuel to pay support to Linda in the amount of approximately $600 per month. The Family Court also entered orders determining temporary custody of their two children and providing for mutual protection.

5. Additionally in 1982, Samuel commenced an action in the New York State Supreme Court, Westchester County, against his wife, Linda, for a divorce. The plaintiff, Norman Essner, Esq., acted as counsel for Linda in defense of the divorce action. The Supreme Court ultimately dismissed Samuel's divorce action after trial in August, 1983 and considered with favor attorney Essner's application for counsel fees which should be paid by Samuel to Mr. Essner as attorney for Linda, the prevailing party.

6. After reviewing Mr. Essner's application for legal fees of $2400, the court declared on October 12, 1983 that Samuel should pay to Linda's attorney the sum of $900 for his legal services, saying:

This application for counsel fees must be considered by the Court, not only on the basis of competency of counsel, the result achieved and time spent, but it must consider as well, the ability of the plaintiff to respond *without, at the same time, jeopardizing his ability to meet his support obligations.* (Emphasis added).

7. Plaintiff, Essner, argues that the $900 fee awarded to him upon the dismissal of Samuel's divorce action is in the nature of support and is nondischargeable. The debtor contends that his obligation to support his wife was established in the Family Court matter which culminated in the support order dated February 22, 1982, and that the subsequent Supreme Court counsel fee award following the dismissal of his divorce action was unrelated to any support obligation. Furthermore, the debtor argues that the plaintiff's complaint to declare the $900 fee obligation nondischargeable is time-barred because it was not filed within sixty days of the time set for the meeting of creditors.

## TIMELINESS OF THE COMPLAINT

██ That the complaint was filed more than sixty days after the time set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a) is not fatal to the plaintiff's right to seek a determination of the dischargeability of the debtor's obligation to pay the $900 counsel fee to the plaintiff, as directed by the New York State Supreme Court order. The plaintiff's basis for viewing his counsel fee of $900 as nondischargeable is 11 U.S.C. § 523(a)(5), which declares that debts due "to a spouse ... for alimony to, maintenance for, or support of such spouse" are nondischargeable. This ground is not one of the three grounds specified in 11 U.S.C. § 523(c), which Bankruptcy Rule 4007(c) directs must be filed not later than sixty days following the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a). As stated in the Advisory Committee Note to Bankruptcy Rule 4007(b): "Subdivision (b) does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a) ... (5)." Therefore, the plaintiff is entitled to rely on Bankruptcy Rule 4007(b), which provides that "[a] complaint other than under § 523(c) may be filed at any time." Hence, the complaint addressed to 11 U.S.C. § 523(a)(5)(A) that was filed by the plaintiff, as attorney for the debtor's wife, on March 14, 1984 is not time-barred.

## DIRECT PAYMENT TO COUNSEL DOES NOT PREVENT DISCHARGEABILITY

■ Pursuant to 11 U.S.C. § 523(a)(5)(A),[1] a debt assigned to another entity other than the debtor's spouse or children is dischargeable because it is not treated in the nature of alimony, maintenance or support of the spouse or children, which is not dischargeable under 11 U.S.C. § 523(a)(5). Some courts have interpreted this section to mean that attorney's fees that might otherwise qualify as in the nature of alimony or support, but payable directly to counsel for the debtor's spouse, are not payments made to the spouse or children and are to be treated as assigned to an entity other than the debtor's spouse or children, and are, therefore, dischargeable. *See In re Crawford,* 8 B.R. 552, 553 (Bkrtcy.D.Kan.1981); *In re Allen,* 4 B.R. 617, 620 (Bkrtcy.E.D.Tenn.1980); *see also In re Delillo,* 5 B.R. 692, 693–94 (Bkrtcy.D. Mass.1980) (attorney who previously represented debtor in divorce proceeding is "inappropriate party" to bring nondischargeability complaint). However, it is now settled in the Second Circuit that it would amount to exalting form over substance to draw a distinction between counsel fees paid to a spouse and fees directed to be paid to the spouse's attorney, with the result that a debtor's obligation to pay the debtor's spouse's counsel fees is nondischargeable when such fees are in the nature of alimony, maintenance or support. *In re Spong,* 661 F.2d 6, 11 (2d Cir.1981); *In re Auer,* 22 B.R. 274, 275 (Bkrtcy.E.D. N.Y.1982); *see In re Dupont,* 19 B.R. 605, 608 (Bkrtcy.E.D.N.Y.1982). This point was also expressed by the Eighth Circuit Court of Appeals in *In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983), where the court said:

> Debts payable to third persons can be viewed as maintenance or support obligations; the crucial issue is the function the award was intended to serve.

*Id.* at 1057 (citations omitted); *In re D'Antuono,* 37 B.R. 595 (Bkrtcy.D.Mass.1984); *In re Snyder,* 37 B.R. 519 (Bkrtcy.M.D.Pa. 1984).

## COUNSEL FEES IN THE NATURE OF ALIMONY, MAINTENANCE OR SUPPORT

■ The reference to the phrase "support obligations" in the October 12, 1983 court order directing the debtor to pay his wife's attorney a fee of $900 is not determinative of whether or not such award is in the nature of alimony, maintenance or support. The New York Supreme Court Justice was aware that the debtor had previously been directed by the New York Family Court to pay his wife approximately $600 per month as support. He therefore lowered the plaintiff's originally requested fee of $2400 to $900, which the debtor was directed to pay upon the dismissal of his divorce action against his wife, because the judge did not wish to jeopardize the debtor's "ability to meet his support obligations." The debtor's financial status was the focus of the court's attention and not the wife's right to be reimbursed for her legal fees. Plaintiff may not draw any strength from the mere reference to the term "support." In view of the fact that the express language in the order is not dispositive of the status of the plaintiff's right to collect his fee from the debtor, a consideration of this question must extend beyond the four corners of the court order.

■ Generally, in the absence of explicit statutory authority, the so-called American rule applies and the prevailing litigant is ordinarily not entitled to collect attorneys' fees from the loser. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). However, pursuant to Section 237 of the New York Domestic Relations Law, a spouse may be awarded counsel fees in marital actions of various sorts. The theory behind such allowance is that

**1.** § 523(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with

a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise ....

under common law principles in New York, a husband was liable to his wife's creditors for her support and the support of his children. *Laumeier v. Laumeier*, 237 N.Y. 357, 143 N.E. 219 (1924); *De Brauwere v. De Brauwere*, 203 N.Y. 460, 96 N.E. 722 (1911); *Rudnick v. Tuckman*, 1 A.D.2d 269, 149 N.Y.S.2d 809 (1st Dep't 1956). Although the liability for support traditionally included food, clothing, shelter, medical bills and incidental living expenses, also included thereunder were necessary counsel fees that the wife might incur. *Dravecka v. Richard*, 267 N.Y. 180, 196 N.E. 17 (1935).

In the instant case the first matrimonial proceeding for support in the New York Family Court specifically determined the measure of the debtor's wife's support. Thereafter, in the additional matrimonial action in the New York Supreme Court where the debtor's divorce action was dismissed, the $900 counsel fee was awarded to the debtor's wife's attorney, the plaintiff in this case. There is no reason why this award should not be treated as an addition to counsel fees (if any) that might have been awarded in the support action; both matters involved matrimonial actions where an order for the payment of a spouse's counsel fees by the other spouse may be viewed in the nature of satisfying the paying spouse's obligation for the other's "necessaries." *See In re Dupont*, 19 B.R. at 607. In the *Dupont* case, the debtor's wife obtained a judgment of divorce and an order directing the debtor to pay her counsel fees of $1250. Thereafter, the wife commenced an action to enforce the judgment in the first action by means of an order directing the debtor's employer to deduct from his wages the amounts required to be paid. The wife's motion in the second action was granted and her attorney was awarded an additional $250 for his services in connection with the motion. Judge Duberstein ruled that the additional counsel fee of $250 awarded in the second action should be treated in the same manner as in the earlier matrimonial action, namely as being in the nature of alimony or support and therefore nondischargeable,

notwithstanding that the fees were to be paid directly to counsel for the debtor's wife.

If Linda's counsel fees were to be treated as a dischargeable debt, and beyond the pale of 11 U.S.C. § 523(a)(5), the effect would be to diminish the funds available to her for the payment of her necessary expenses. She would be obliged to pay her counsel fees without any contribution from the debtor, despite the award of $900. Manifestly, such a result would undermine the financial balance that the New York Family Court established in arriving at Linda's entitlement to support and would contradict the New York Supreme Court's determination that Linda should be relieved of the expense of paying for her attorney's services in successfully defeating the debtor's action for a divorce. Accordingly, it is clear that the courts in both matrimonial actions had occasion to adjudicate aspects of the debtor's obligation to support his wife and provide for her necessaries, including matrimonial counsel fees. That the debtor did not expressly assume the obligation to pay his wife's counsel fees, as the debtor did in *In re Spong*, 661 F.2d 6, is of no moment, since the issue here is not whether an obligation assumed by a debtor as part of a separation or divorce settlement should be treated in the nature of alimony, maintenance or support. In this case, as in the *Dupont* case, the matrimonial courts imposed upon the debtor the obligation to provide support to his wife through the payment of her necessary matrimonial expense for legal fees.

Hence, the $900 fee awarded to the plaintiff is to be treated as in the nature of indirect alimony, maintenance or support, and therefore, is not dischargeable.

## CONCLUSIONS OF LAW

1. The plaintiff's complaint addressed to 11 U.S.C. § 523(a)(5) is consistent with Bankruptcy Rule 4007(b) and is not time-barred.

2. The $900 counsel fee which the New York Supreme Court directed the debtor to

pay to the plaintiff, as counsel for the debtor's wife in the dismissed divorce action, is not deemed to be an assignment to an entity other than the debtor's spouse within the meaning of 11 U.S.C. § 523(a)(5)(A).

3. The $900 counsel fee awarded to the debtor's wife's counsel by the New York Supreme Court when it dismissed the debtor's divorce action is in the nature of alimony, maintenance or support, as expressed in 11 U.S.C. § 523(a)(5), and is not dischargeable.

SUBMIT ORDER on notice.