**In re Neal Dennis BERMAN, Debtor.**

**Holly BERMAN, Plaintiff,**

**v.**

**Neal Dennis BERMAN, Defendant.**

**Bankruptcy No. 889–92274–478.**
**Adv. No. 890–8064–478.**

United States Bankruptcy Court,
E.D. New York.

March 25, 1991.

Gaston & Snow by Ann Parry, and Jonathan Seigfried, New York City, for plaintiff.

Kalb, Rosenfeld & Essig, P.C. by Robert Reichelscheimer, Commack, N.Y., for defendant and debtor.

DOROTHY EISENBERG, Bankruptcy Judge.

## DECISION

Plaintiff, the former spouse of Neal Dennis Berman, (hereinafter "Debtor"), has instituted this adversary proceeding seeking a determination that certain debts owed to her by the Debtor pursuant to the terms of a Final Judgment in a divorce proceeding are excepted from discharge pursuant to sections 523(a)(5) and (a)(6) of the Bankruptcy Code. The Plaintiff has moved for summary judgment and the Debtor filed a cross-motion seeking a dismissal of the adversary proceeding.

## FACTUAL BACKGROUND

The parties were married to one another in August, 1977 and have a seven year old son. They were separated in mid-September 1988 and were divorced in March 1989. The Final Judgment of Dissolution of Marriage (hereinafter "Final Judgment") was entered in the Circuit Court of the State of Florida on or about March 15, 1989.

The Debtor has admitted that on or about September 14, 1987, before the entry of the Final Judgment, the Debtor withdrew the sum of $62,500.00 in cash from two bank accounts and a safe deposit box maintained jointly by the parties without the knowledge or consent of the Plaintiff. The Debtor claimed that he believed he was entitled to these funds because they were primarily the result of his earnings. However, the Final Judgment ordered, among other things, the Debtor to pay one-half of those funds to the Plaintiff. The Debtor was advised by the Florida Matrimonial Court that the funds removed from the bank accounts and the safe-deposit box were marital property and that one-half of that property did not belong to him pursuant to that Court's determination of the rights of the parties in the marital property. He has refused to surrender the funds and has not provided a proper accounting of his disposition of the funds. He has alternatively testified at depositions that he gave the funds to his brother for safe-keeping, that he spent the funds on ordinary living expenses and that he gambled them away. The Debtor's brother has also testified that he has no recollection of the Debtor giving him any funds to safeguard.

In addition to items of custody and several matrimonial and property rights matters unrelated to this proceeding, the terms of the Final Judgment, which are relevant to the issues before this Court, are as follows:

1. Paragraph 2 required the Debtor to pay child support to Plaintiff in the sum of $475.00 per month commencing February 1, 1989 and continuing until the child reaches the age of majority.

2. Paragraph 4 provided that the Debtor was to pay Plaintiff as rehabilitative alimony, the sum of $600.00 per month for a period of eighteen months commencing after the first day of the month following entry of the final judgment and continuing until fully paid.

3. Paragraph 7(a) required the Debtor to pay Plaintiff the sum equal to one-half (½) of the liquid marital funds in the parties two bank accounts which he appropriated ($26,250.00), to be paid $20,000.00 forthwith and the balance of $6,250.00 at the rate of $500.00 per month commencing February 1, 1989 and continuing until fully paid.

4. Paragraph 7(b) required the Debtor to pay the sum of $5,000.00, representing one-half (½) of the cash in the safe deposit box maintained by the parties, to be paid as part of the $500.00 per month paid by the Debtor pursuant to paragraph 7(a) and continue until fully paid.

5. Paragraph 13 required the Debtor to pay the Plaintiffs reasonable attorneys' fees and costs incurred in the Florida Divorce action, the amount of which was later determined to be $39,202.43.

In June, 1989, Debtor was held in contempt by the Florida Circuit Court for failing to comply with the terms of the Final Judgment. Sometime after the Order of Contempt was entered, the Debtor moved

from Florida to New York City. In July, 1989, Plaintiff commenced actions in the Family Court, Queens County and in the Supreme Court of the State of New York, Queens County (hereinafter the "Queens Action") seeking to enforce all of the terms of the Final Judgment including matters beyond the issues before this Court. Plaintiff's motion for summary judgment in the Queens Action was granted, but no judgment was entered by that Court since the Debtor filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code one week after the Queens Court decided in Plaintiff's favor.

## DISCUSSION

Shortly after the filing of the Debtor's petition, Plaintiff instituted the instant adversary proceeding seeking a determination that certain of the Debtor's obligations pursuant to the Final Judgment of Divorce are non-dischargeable pursuant to sections 523(a)(6) and (a)(5) of the Bankruptcy Code. More specifically, Plaintiff contends that the Debtor's obligation to pay her the sum of $31,250.00, which represents her share of the marital funds that the Debtor wrongfully appropriated, is non-dischargeable as a willful and malicious injury pursuant to section 523(a)(6) of the Bankruptcy Code. Plaintiff alternatively contends that $20,000.00 of the $31,250.00 represents alimony or child support, and as such is also non-dischargeable under section 523(a)(5). Plaintiff further contends that the legal fees and expenses that were awarded to Plaintiff under Paragraph 13 of the Final Judgment also constitute a component of support and are non-dischargeable pursuant to section 523(a)(5). Lastly, Plaintiff seeks an award of attorneys' fees and expenses incurred in connection with the enforcement of all matters subsequent to the Florida Court's entry of the Final Judgment, including fees and costs incurred in this adversary proceeding. Plaintiff has submitted the time records of her prior counsel who represented her in the Queens Action and who originally instituted this proceeding which total $62,169.50 in fees and $4,163.60 in disbursements. This Court has not reviewed these records to determine (1) whether these include numerous items other than for enforcement of Plaintiff's rights to alimony, maintenance or support, and (2) whether the fees and expense requested is reasonable. There has been nothing submitted to indicate what fees are claimed by present counsel in this non-dischargeability litigation.

The Debtor has cross-moved seeking a dismissal of the Complaint contending that the debts due to Plaintiff are in the nature of a property settlement and unrelated to Plaintiff's award of alimony, maintenance or child support. In addition, the Debtor contends that the attorneys' fees and costs sought by Plaintiff for attorneys retained after the initial matrimonial proceeding are excessive and should be dischargeable obligations unrelated to Plaintiff's support or maintenance.

At the hearing before this Court on October 30, 1990, the Court granted the Plaintiff partial summary judgment holding that the child support payments in Paragraph 2 of the Final Judgment, the rehabilitative alimony payments in Paragraph 4 of the Final Judgment, as well as the attorneys' fees and costs of $39,202.43 awarded by the Florida Court in paragraph 13 of the Final Judgment are all non-dischargeable as being in the nature of alimony, maintenance and support pursuant to section 523(a)(5) of the Bankruptcy Code. *See In re Spong,* 661 F.2d 6 (2d Cir.1981). This Court further held that although the $31,250.00 owed to Plaintiff pursuant to Paragraph 7 of the Final Judgment would otherwise have been dischargeable as being in the nature of a property settlement, in light of the Debtor's willful conversion of those funds, his knowledge of his wrongdoing imported to him by the Florida matrimonial court and his subsequent refusal to turnover those funds or to account for the disposition of those funds, the sums awarded to Plaintiff pursuant to paragraphs 7(a) and 7(b) of the Final Judgment are also non-dischargeable as a willful and malicious injury pursuant to section 523(a)(6) of the Bankruptcy Code. *See In re Singleton,* 37 B.R. 787 (Bankr.Nev.1984); *Dey v. Dey,* 31 B.R. 567 (Bankr.W.D.N.Y.1983);

*In re Penning,* 22 B.R. 616 (Bankr.E.D. Mich.1982).

At the request of Debtor's counsel, the Court afforded the Debtor an opportunity to submit any additional facts or evidence of mitigating circumstances as they may relate to the taking of the funds, in order to determine whether there were any mitigating factors in regard to Debtor's actions. The Court also afforded the Plaintiff an opportunity to submit additional papers regarding her requested entitlement to attorneys' fees and costs incurred subsequent to her Florida Judgment such as the Queens Action and attorneys' fees and costs incurred in this adversary proceeding.

■ The Debtor has failed to submit any additional facts or mitigating circumstances to contradict the Court's finding of a willful and malicious conversion of the marital property. Therefore, the Court's prior ruling that the Debtor's conversion of the marital funds constitutes a "willful and malicious injury" to the Plaintiff within the meaning of § 523(a)(6) remains unchanged and the Debtor's obligation to pay Plaintiff the sum of $31,250.00 is non-dischargeable.

Plaintiff now seeks a determination from this Court expanding the Debtor's non-dischargeable obligations to include an award of attorneys' fees and costs incurred by her in enforcing the Final Judgment, and for attorneys' fees and costs incurred in the bringing of this adversary proceeding. Plaintiff contends that fees and expenses incurred in the enforcement of all issues related to a divorce judgment should be treated in the same manner as those incurred in connection with the divorce itself. For the reasons stated below this Court disagrees.

As to Plaintiff's request for an award of attorneys' fees incurred for bringing this non-dischargeability proceeding pursuant to section 523 of the Bankruptcy Code, the request is denied.

■ In determining whether a litigant is entitled to an award of attorneys' fees, federal courts generally apply what is often referred to as the "American Rule." Under the rule, in cases based upon or involving federal law, attorneys' fees are ordinarily not recoverable absent a specific statutory authority or aggravated conduct. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *In re Mills,* 77 B.R. 413 (Bankr.S.D.N.Y.1987).

The instant action seeks a determination as to the dischargeability of debts owed to Plaintiff pursuant to a state court divorce judgment. It is an action based upon or involving federal law. More specifically, it is based upon section 523 of the Bankruptcy Code. Section 523 does not contain a provision for an award of attorneys' fees to a prevailing litigant. The only mention of attorneys' fees in section 523 is found in section 523(d) which allows the court to assess costs and attorneys' fees against an unsuccessful plaintiff in an action on a consumer debt under section 523(a)(2) and is inapplicable to this case. *See* 11 U.S.C. § 523 (1988). Moreover, the Debtor has not litigated this case in bad faith, vexatiously, wantonly or for oppressive reasons. *See F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974); *Browning Debenture Holders' Committee v. DASA Corp.,* 560 F.2d 1078 (2d Cir.1977). Consequently, there being no statutory authority to award attorneys' fees in section 523 of the Bankruptcy Code and no aggravated conduct on the part of the Debtor, the plaintiff is not entitled to an award of attorneys' fees and costs incurred by her in the bringing of this non-dischargeability adversary proceeding. *In re Johnson,* 756 F.2d 738 (9th Cir.1985); *In re Iaquinta,* 98 B.R. 919 (Bankr.N.D.Ill.1989); *In re Luce,* 109 B.R. 202 (Bankr.N.D.Tex.1989); *see also In re Elliot,* 93 B.R. 776 (Bankr.M.D. Fla.1988); *In re Penney,* 76 B.R. 160 (Bankr.N.D.Cal.1987); *Matter of Myers,* 61 B.R. 891 (Bankr.N.D.Ga.1986); *Dougherty v. Brackett,* 51 B.R. 987 (Bankr.D.Colo. 1985); *In re Lewis,* 31 B.R. 83 (Bankr.W.D. Okla.1983); *In re Gedeon,* 31 B.R. 942 (Bankr.D.Colo.1983). The awardable damages under section 523(a)(6) of the Bankruptcy Code are limited to the value of the property converted on the date the conver-

sion occurred. *In re Iaquinta,* 98 B.R. at 927; *In re Penney,* 76 B.R. at 160.

■ As to Plaintiff's request that this Court expand the Debtor's non-dischargeable obligation to include an award of attorneys' fees and costs billed to her but not yet awarded for pursuing multiple matters against this Debtor, the request is denied without prejudice.

Plaintiff relies upon the case of *In re Dupont,* 19 B.R. 605 (Bankr.E.D.N.Y.1982), for the proposition that attorneys' fees and costs incurred in subsequent enforcement proceedings are non-dischargeable under section 523(a)(5). In *Dupont,* the attorney who represented the debtor's former spouse commenced an adversary proceeding seeking a determination that fees and expenses already awarded to him in connection with the divorce proceeding and subsequent enforcement proceedings for alimony and child support were non-dischargeable pursuant to section 523(a)(5) of the Bankruptcy Code as being in the nature of alimony and support. The court held that awards of attorneys' fees in connection with enforcement proceedings should be treated in the same manner as those in a matrimonial action, as being in the nature of alimony and support and therefore non-dischargeable. *Id.* at 608. At least one other bankruptcy court has reached the same conclusion. *In re Homyak,* 40 B.R. 99 (Bankr.S.D.N.Y.1984). The rationale behind the decisions is that to hold that the attorneys' fees awarded to a spouse in subsequent enforcement proceeding are dischargeable would diminish the funds available to the wife to pay her ordinary expenses.

Although this Court agrees with the reasoning of *Dupont* and *Homyak, supra,* which support the need to find the reasonable costs and attorneys' fees that may be necessary and incident to ordinary enforcement efforts appropriate as non-dischargeable, this Court does not believe those cases contemplated awarding attorneys' fees and costs arising out of several years of complex matrimonial wrangling. *Cf. In re Rubin Bros. Footwear,* 119 B.R. 416, 426 (S.D.N.Y.1990). The requested fees

and costs in this case, totalling over $66,000, lead this Court to question whether additional disputes between the parties, other than alimony, maintenance and child support, are included in the request for fees or whether they are reasonably to be attributed to the Debtor's failure to pay alimony, maintenance or child support.

In addition, the facts in this case are different than those in *Dupont* and *Homyak.* In both those cases, the Bankruptcy Courts did not independently award attorneys' fees and costs to the spouse incurred by her in enforcing her rights under a Judgement of Divorce, and further did not award counsel fees or costs for bringing the non-dischargeability action itself. Those decisions simply determined the dischargeability of the fees *previously awarded* in the State Court enforcement proceedings. In this case there has been no such award made by a state tribunal. Plaintiff was not awarded attorneys' fees and costs in the Queens Action. In fact, there was no judgment entered. Plaintiff was only awarded fees and costs in the Florida Court and this court has already held those amounts to be non-dischargeable pursuant to section 523(a)(5) of the Bankruptcy Code. Without an award of attorneys' fees and costs in the prior state court enforcement proceeding this court is unable to make the determination as to whether those requested fees are actually in the nature of alimony and support and non-dischargeable under section 523(a)(5). Consequently, Plaintiff's request for a determination that attorneys' fees and costs incurred by her in the enforcement of the Final Judgment in the Queens Action are non-dischargeable is denied without prejudice. Plaintiff can seek a determination as to the dischargeability of attorneys' fees and costs after they are awarded by the State Court for the prior Queens Action.

## CONCLUSION

For all the reasons stated above plaintiff is entitled to a non-dischargeable judgment for (1) any unpaid and future child support and rehabilitative alimony pursuant to paragraphs 2 and 4 of Final Judgment; (2)

$39,202.43 in attorneys' fees and costs awarded in paragraph 13 of the Final Judgment; and (3) $31,250, which is her share of the marital property converted by the debtor. Plaintiff's request for a determination that her former attorneys' fees and costs incurred in the enforcement of the Final Judgment are non-dischargeable is denied without prejudice. Plaintiff's request for an award of attorneys' fees and costs for this adversary proceeding is denied.

Settle order in conformity with this decision.